# MEYERHEIM v. ROBERTSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 279. Argued April 5, 6, 1892. — Decided April 18, 1892.

Laces made by machinery out of linen thread were imported in 1881 and 1882, and charged with duty at 40 per cent *ad valorem*, as " manufactures of flax, or of which flax shall be the component material of chief value, not otherwise provided for," under Schedule C of § 2504 of the Revised Statutes (p. 462). The importers claimed that they were chargeable with a duty of only 30 per cent *ad valorem*, as " thread lace," under the same schedule (p. 463). *Held*, that, as the evidence clearly showed that

the goods were invariably bought and sold as "torchons," and not as thread laces, and that thread lace was always hand-made, it was proper to direct a verdict for the defendant, in a suit brought by the importer against the collector to recover an alleged excess of duty.

THE case is stated in the opinion.

*Mr. Edwin B. Smith* (with whom were *Mr. William Stanley* and *Mr. Stephen J. Clarke* on the brief) for plaintiffs in error.

*Mr. Assistant Attorney General Parker* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Superior Court of the city of New York, in November, 1882, by Siegmund Meyerheim, William Kempner and Henry Strahlheim, against William H. Robertson, late collector of the port of New York, and removed by the defendant into the Circuit Court of the United States for the Southern District of New York, to recover $764.50, as an alleged excess of duties exacted on the importation of certain goods into the port of New York in the years 1881 and 1882. The case was tried before a jury in June, 1888, and a verdict rendered for the defendant, on which there was a judgment in his favor, for costs.

The importation was of certain laces made by machinery out of linen thread, and with them certain laces of the same material made by hand. The defendant assessed duty upon all the laces at 40 per cent *ad valorem*, under the provision of Schedule C of § 2504 of the Revised Statutes, (p. 462,) which imposed that rate of duty on " flax or linen thread, twine and pack-thread, and all other manufactures of flax, or of which flax shall be the component material of chief value, not otherwise provided for." The plaintiffs claimed that the goods were dutiable at only 30 per cent *ad valorem*, as "thread lace and insertings," under the same Schedule, p. 463.

After the suit was brought, the Secretary of the Treasury refunded to the plaintiffs all excessive sums exacted upon such

of the above importations of laces of linen thread as were made by hand, leaving the controversy only as to those laces of linen thread which were made by machinery. All the laces, whether made by hand or machinery, were known, bought and sold as "torchons," and the issue presented was whether or not machine-made torchons were dutiable as "thread lace," or as "manufactures of flax, or of which flax shall be the component material of chief value, not otherwise provided for."

The articles were made wholly of linen thread, and, therefore, of flax. It clearly appeared by the testimony of one of the plaintiffs that he never heard the machine-made goods bought and sold as thread laces, but invariably as "torchons." The testimony on the part of the defendant was to the same effect, and showed that thread lace was always hand-made.

The defendant requested the court to direct a verdict in his favor, while the plaintiffs claimed to go to the jury. A verdict for the defendant was directed, and the plaintiffs excepted.

We do not think there was any question for the jury, on the evidence.

*Judgment affirmed.*