THE NATIONAL DOCKS AND NEW JERSEY JUNCTION CON-
NECTING RAILWAY COMPANY

*v.*

THE PENNSYLVANIA RAILROAD COMPANY and THE UNITED
NEW JERSEY RAILROAD AND CANAL COMPANY.

1. On an application to remove a suit from a state court to the circuit court of the United States the state court is not required to let go its jurisdiction until a case is made which, upon its face, shows that the defendant, claiming the right to remove, can remove the suit as a matter of right.

2. The decision of a court of general jurisdiction, acting within the scope of its power, has inherent in it such conclusive force that it cannot be challenged collaterally, and such decision also conclusively binds all parties embraced in it, unless on objection made to such court itself, or in a course of direct appellate procedure.

3. To justify the removal of a suit from a state court to the circuit court of the United States, on the ground of a separate controversy between citizens of different states, there must be a controversy which is wholly between the plaintiff and the defendant seeking to remove, and which is capable of being finally determined between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit.

4. On an application to remove, the allegations of the complainant's bill must be considered as confessed.

5. In deciding whether or not a separable controversy exists between the plaintiff and the defendants claiming the right to remove, the cause of action alleged in the plaintiff's pleading must be accepted as the only criterion of the decision, and if it is there alleged that the cause of action is joint, and if it appears that some of the defendants are citizens of the same state with the plaintiff, it must be held that the suit is not removable.

On application to remove suit to the circuit court of the United States.

*Mr. Charles L. Corbin* and *Mr. John R. Emery* for complainant.

*Mr. James B. Vredenburgh* and *Mr. Joseph D. Bedle* for Pennsylvania Railroad Company.

VAN FLEET, V. C.

The parties to this suit, both complainant and defendant, are railroad corporations. The complainant was organized under the General Railroad law of this state and is a citizen of this state; the Pennsylvania Railroad Company was created a corporation by the legislature of Pennsylvania and is a citizen of that state; and the United New Jersey Railroad and Canal Company was created a corporation by the legislature of this state and is a citizen of this state. Several years ago the United New Jersey Railroad and Canal Company leased its railroads and other property to the Pennsylvania Railroad Company for nine hundred and ninety-nine years, subject to the payment of an annual rent of nearly two millions of dollars, with a right of re-entry in case the lessee made default in the payment of the rent reserved for ninety days, or failed to perform any other covenant of the lease. Recently the complainant has acquired a right, against both defendants, to construct its railroad under and across the railroad of the defendants. For such right, it is alleged, that just compensation has been made in a manner authorized by law. After just compensation had been made, the complainant attempted to construct the crossing, which it had acquired a right to construct, and thereupon both defendants, as it is alleged, by certain acts and omissions prevented the complainant from constructing the crossing. This suit was then brought to obtain an injunction prohibiting the defendants from further preventing the construction of the crossing, and also, if necessary, for the appointment of a manager to regulate the use of the easement which is held by the parties in common. The Pennsylvania Railroad Company now claims the right to remove this suit to the circuit court of the United States, on two grounds—*first*, because its determination involves the decision of a question arising under the constitution of the United States; and *second*, because the suit embraces a controversy which is wholly between it and the complainant, and which can be fully determined as between them without the presence of the United New Jersey Railroad and Canal Company. To effect such removal, a petition and bond have been presented. The com-

plainant denies, however, that the suit is removable, and insists that it has the right to have the suit proceed here precisely as though no effort to remove it had been made. The complainant has a right to have the question thus raised decided by this court, for it is settled, by repeated decisions of the supreme court of the United States, that the state court is not required to let go its jurisdiction until a case is made which, upon its face, shows that the defendant, asking for removal, can remove the suit as a matter of right. *Removal Cases, 100 U. S. 457, 474; Crehore* v. *Ohio and M. Railroad Co., 131 U. S. 240, 244; Pennsylvania Co.* v. *Bender, 148 U. S. 255, 258.* The decision of this question then is a duty which this court cannot escape.

The way it is claimed that a question under the federal constitution arises between these parties is this: The complainant instituted proceedings to condemn a right for its railroad to cross that of the defendants; commissioners were appointed, who made an award; both parties appealed—the complainant appealed and both defendants also appealed; pending the appeals, the circuit court of the county of Hudson, in which the appeals were triable, on the application of the complainant, and against the protest of both defendants, ordered the plan of crossing to be amended, and on the trial of the appeals, directed that the amended plan should be adopted as the basis on which compensation should be awarded. This action of the Hudson circuit court, it is contended, was not only without warrant of law, but constituted a violation of that provision of the federal constitution which ordains: "Nor shall any state deprive any person of * * * property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Without stopping to discuss whether, if it were conceded that the decisions of the Hudson circuit court, on the points in dispute, were erroneous, such errors could, under any circumstances, be held to constitute a denial of the constitutional rights of the defendants, within the meaning of the provision above quoted, it is enough, for the purposes of this application, to say, that if this suit were removed, nothing can be more certain than that the circuit court of the United States could not, in this

suit, review or reverse the action of the Hudson circuit court in the respects indicated, nor in any other; nor could it alter or modify, to the slightest extent, the judgment pronounced by that court. While the judgment recovered in the Hudson circuit court fixed, finally and conclusively, the sum which must be regarded as just compensation, so far as was necessary to give the complainant the right, on the payment of that sum, to appropriate the property or right condemned, this suit is in no sense a continuation of that suit, but is, in both its substance and form, a new, distinct and independent action. This suit rests on principles, and was brought to obtain relief, which a court of law can neither administer, nor grant. The judgment pronounced by the Hudson circuit court is, as between these parties, a final and conclusive determination of all matters which were put in issue in the suit or proceeding in which it was pronounced, and so it must stand and be treated and accepted everywhere until it is set aside by the court which pronounced it, or is changed or reversed by a direct appellate proceeding.

That such is the effect which the circuit court of the United States, and all other tribunals not possessing appellate jurisdiction, must give to this judgment is a proposition that is not open to debate. It is recognized as a cardinal rule in all enlightened systems of jurisprudence. In the language of Mr. Justice Miller, in *Harvey* v. *Tyler, 2 Wall. 328, 342 :* "Whenever it appears that a court possessing judicial powers has rightfully obtained jurisdiction of a cause, all its subsequent proceedings are valid, however erroneous they may be, until they are reversed on error or set aside by some direct proceeding for that purpose." And Chief-Justice Beasley, in *McCahill* v. *Equitable Life Assurance Society,* 11 *C. E. Gr. 531, 538,* stated the same principle in these words : "The decision of a court of general jurisdiction, acting within the scope of its powers, has inherent in it such conclusive force that it cannot be challenged collaterally, and that such decision definitely binds all parties embraced in it unless, on objection made to such court itself, or in a direct course of appellate procedure." The same principle was laid down by Mr. Justice Grier in *Peck* v. *Jenness, 7 How. 617, 624,* and by Mr.

Justice Davis in *Randall* v. *Howard, 2 Black 585, 589.* A multitude of other decisions to the same effect might be cited. The circuit court of the United States for this district has already decided, in a suit between the Pennsylvania Railroad Company and the complainant, that it is not within its province, sitting as a court of equity, to act as a court of review as respects alleged errors of a court of law, even if such errors were committed by the court of last resort of this state in deciding a federal question, for, in such a juncture of affairs, the only tribunal which has power to review the decision of the state court, on such a question, is the supreme court of the United States. *Pennsylvania Railroad Co.* v. *National Docks Railroad Co., 51 Fed. Rep. 858, 859.*

It is thus made plain, as I think, that the question the Pennsylvania Railroad Company claims has arisen between it and the complainant, under the constitution, is not involved in this suit but is entirely outside of it, and for that reason cannot be agitated in this suit either in this court or in the circuit court of the United States. If such a question has arisen at all between these parties, it arose on the trial of the appeals before the Hudson circuit court and was there decided. If further litigation respecting it is desired, it can only be had, according to the established principle, by the removal of the judgment embracing it, by a direct proceeding, to some tribunal having power to review the decisions of that court. Such power neither exists in this court, nor in the circuit court of the United States.

By an act of congress, approved August 13th, 1888, amending the prior act of March 3d, 1887 (*Rev. Sup. p. 611*), the circuit courts of the United States are given original jurisdiction, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, in which there shall be a controversy between citizens of different states in which the matter in dispute exceeds a specified value. The act also provides, that when a suit shall have been commenced in any state court, of which the circuit courts of the United States are given original jurisdiction, the same may be removed into the circuit court of the United States for the proper district, by the defend-

ant or defendants therein, being non-residents of the state in which the suit was commenced. And then follows this provision:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants, actually interested in such controversy, may remove said suit into the circuit court of the United States for the proper district."

This provision constitutes the second ground on which the right of removal is based. It formed part of the act of March 3d, 1875. The second clause of the second section of that act was expressed in precisely the same words. *18 Stat. pt. 3 p. 470.* Their meaning has been settled by repeated decisions of the supreme court of the United States.

The claim of the Pennsylvania Railroad Company is, that there is in this suit a separate and distinct controversy or cause of action between it and the complainant, which is capable of being finally determined, as between them, and complete relief given without the presence of the other defendant. In other words, that this suit is founded on a cause of action in which the United New Jersey Railroad and Canal Company has no interest whatever, but which is so entirely and exclusively between the Pennsylvania Railroad Company and the complainant that it may be properly and safely heard and determined, and full and complete justice done to every right and interest involved in the controversy, with them alone as the parties litigant before the court, and without the presence of any other person. To authorize the removal of this suit, this claim must be found to be true in all its essential parts, for the rule is well established, as was said by Chief-Justice Waite in *Fraser* v. *Jennison, 106 U. S. 191, 194,* and repeated in *Ayres* v. *Wiswall, 112 U. S. 187, 192,* and also in *Louisville Railroad Co.* v. *Ide, 114 U. S. 52, 55,* that the provision above quoted only authorizes the removal of " suits where there exists a separate and distinct cause of action, on which a separate and distinct suit might have been brought and complete relief afforded as to such cause of action,

with all the parties on one side of that controversy citizens of different states from those on the other. To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun." The same rule was laid down by Mr. Justice Gray, in *Torrence* v. *Shedd, 144 U. S. 527, 530*, in this wise: "To justify a removal, on the ground of a separate controversy between citizens of different states, there must, by the very terms of the statute, be a controversy 'which can be fully determined as between them;' and by the settled construction of this clause, the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." The supreme court of the United States has also repeatedly decided, as Mr. Justice Bradley declared in *Little* v. *Giles, 118 U. S. 596, 600*, "that a suit brought against several defendants, some of whom are citizens of the same state with the plaintiff, charging them all as joint contractors or joint trespassers, cannot be removed into the United States court by those who are citizens of another state, although they allege in their petition for removal that they are not jointly interested or liable with the other defendants, and that their controversy with the plaintiff is a separate one." The same rule must necessarily be applied to all wrongdoers who act in concert, whether they are called joint trespassers, tort-feasors, disseisors, or by any other name. Where the wrong is joint, the remedy, to be complete and effectual, must be joint.

These adjudications define with precision what controversies or causes of action are sufficiently distinct and separate to be subject to be removed from a local court to a federal court in cases where the defendant, applying for removal, is a citizen of a different state from that in which the plaintiff has his citizenship, although there may be other defendants to the suit who are citizens of the same state with the plaintiff. But how is the

separable character of the controversy to be determined? To what source must the court go to ascertain, whether or not the wrong or cause of action, in respect to which the plaintiff seeks relief or redress, is so entirely and exclusively between the plaintiff and the defendant claiming the right to remove that it is capable of being finally determined, and full and complete justice done, on a trial between them alone, and without the presence of the other parties? There is no source to which the court can go to ascertain the wrong or cause of action which the plaintiff means to make the foundation of his suit, but his pleading. And it is now settled that, on such applications as this, the allegations of the complainant's bill must be considered as confessed. *East Tennessee, Virginia and Georgia Railroad Co.* v. *Grayson, 119 U. S. 240, 244.* This is the principle which controls the judgment of the supreme court of the United States in disposing of writs of error from orders remanding or refusing to remand—which is the final stage of such litigations—and it would, therefore, seem necessarily to follow that it must likewise control at the initial point of such litigations, as well as in all succeeding stages. And it is also firmly settled that, in deciding whether or not a separable controversy exists between the plaintiff and the defendant seeking to remove, the cause of action alleged in the plaintiff's pleading must be accepted as the only criterion of decision, and that if it is there alleged that the wrong was committed by all the defendants jointly, or that the cause of action is joint, the suit is not removable. The utterances of the supreme court of the United States on this point are clear and decisive. Mr. Justice Bradley, in *Little* v. *Giles, 118 U. S. 596, 601,* said: "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defence may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to a final determination in his own way. The cause of action is the subject-matter of the controversy; and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." The rule, as thus stated, was repeated by Mr. Justice Gray in *Torrence* v. *Shedd, 144 U. S. 527, 530.*

Mr. Justice Bradley also said, in substance, in *Little* v. *Giles,*
*144 U. S. 602,* that "where the cause of action is several, as
well as joint, the plaintiff may sue each defendant separately or
all jointly. It is for the plaintiff to elect which course to
pursue, and if he elects to proceed against all jointly, the defend-
ants will not be permitted to object." And he then adds : " The
fact that a judgment in the action may be rendered against a
part of the defendants, does not divide a joint action in tort into
separate parts any more than it does a joint action on contract."

That this suit is the proper subject of equity cognizance is
free from all doubt. The law is settled that one railroad corpo-
ration may acquire the right, by condemnation, to construct a
crossing for its road over that of another railroad corporation.
On the acquisition of such right, the land, at the point of cross-
ing, becomes subject to an easement in favor of both corporations.
And the court of errors and appeals, speaking by Chancellor
McGill, has declared, that " if, in the use of this common ease-
ment, whether it be acquired under proceedings to condemn a
crossing in a specified manner or under proceedings to condemn
a crossing generally, conflict should at any time arise between
the companies, the interposition of equity may be ·invoked to
secure to each the enjoyment of its privilege in a lawful manner."
*National Docks Railroad Co.* v. *United Companies, 24 Vr. 217,*
*224.* An essential part of the right which the complainant has
acquired is the right to construct a crossing—its road cannot
cross that of the defendants until a crossing has been built—
hence the work of construction constitutes a lawful and neces-
sary use of the easement which it has acquired.

Now, on looking into the complainant's bill, it appears, that
every wrongful act, which the complainant states as the foun-
dation of its right to relief, and against which it asks for judi-
cial protection, is charged to have been done by the defendants
jointly. And the same is true of· every wrongful omission
alleged in the bill. All the wrongful acts and omissions set
forth are alleged to have been done and omitted by the defend-
ants, acting in concert to effect a common purpose. There can
be no doubt, therefore, that if the complainant shall, on the final

hearing, establish the case made by its bill, it will demonstrate that it is entitled to the same measure of relief against both defendants. But in addition : the right which the complainant has acquired, was acquired against both defendants ; the primary object of this suit is to enforce that right against both defendants ; the construction of the crossing, according to the plan on which compensation was awarded, will work a thorough and permanent change in a part of the demised premises ; it will substitute an arched tunnel, constructed of masonry, for solid earth. The change may, as is manifest, very seriously affect the rights of the owner of the reversion, and cannot, therefore, according to well-established principle, be made by judicial process, except such owner is a party to the suit and has an opportunity to be heard. And even if such owner has done nothing in denial of the complainant's right, I regard as entirely clear that, in any suit or proceeding to enforce the complainant's right, such owner has an indisputable right to be present in court, as a party, in order to see that the process which issues, directs that the crossing shall be constructed in substantial compliance with the plan on which compensation was awarded. Unless such owner is a party, any process the court may issue or any judgment it may pronounce will be without force as against him. Besides, the lease under which the Pennsylvania Railroad Company holds the demised premises is subject to both surrender and forfeiture. It may be that it is highly improbable that either event will ever occur, but they are both possible. There are other things besides insolvency which may lead to a forfeiture. The lessee may refuse to abide by the covenants of the lease for any reason which appears to be sufficient to its managers, or from mere caprice. The presence of a right of re-entry in the lease renders the lessor, in my judgment, in view of the character of the rights involved, and the nature of the relief asked, a necessary party to this suit. The suit, in my judgment, would have been fatally defective, in point of parties, if the lessor had been omitted.

My conclusion is, that the suit is not removable, and this court is, therefore, under no duty to surrender its jurisdiction.