## FRANK BILECKI, PLAINTIFF, v. 'ERIE RAILROAD COMPANY ET AL., DEFENDANTS.

Argued October 9, 1924—Decided January 30, 1925.

The removal of a cause from the Supreme Court to the United States District Court, under the provisions of section 38 of the federal code (38 *Comp. Stat., p.* 278), on the grounds of diverse citizenship cannot be accomplished by merely filing the petition and bond with the clerk of this court, to the end that he may remit the record to the federal court, the uniform practice being to present the petition and bond to a justice of the court for his inspection of the record and approval of the proposed removal.

---

On rule to show cause.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Kent & Kent.*

*Contra, Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J. The case presents a preliminary question of procedure of vital importance to the integrity of the court,

as we view it. The suit is prosecuted to recover damages for injuries sustained, and two corporate defendants' are parties on the record—Erie Railroad Company, a foreign corporation, and the Vulcan Iron Works, a domestic corporation. The Erie Railroad Company seeks to remove the cause to the United States Court for this district, by filing the customary petition and bond for removal with the clerk of this court, without presenting the same for filing and for approval to one of the justices of the court. Notice was given by the attorneys of the company to the attorneys of the plaintiff of their intention upon a certain day, and at a certain hour, to file said petition and bond with the clerk, and requested at that time that the clerk transmit the record to the United States District Court, to be there proceeded with according to the act of congress.

This notice was made the basis by the plaintiff of an application to a justice of this court to restrain the clerk of this court from pursuing such course, and a rule was then granted by such justice requiring the defendant company to show cause before this court why the said clerk should not be restrained from so proceeding, and restraining him in the meantime from pursuing the course thus indicated. Congress has provided the following form of precedure: Section 28 of the federal code (36 *Stat. L., p.* 1094; 5 *Fed. Stat. Ann.* 16) provides, "and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district." Section 29 of the code provides, "whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state, or the rule of

the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court within thirty days from the date of filing said petition. a certified copy of the record in such suit, and for paying all costs that may be awarded by said District Court if said District Court shall hold that such suit was wrongfully·or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. *It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit."* These sections have been construed in some federal jurisdictions in a varied manner, and one can derive from an examination of the cases ample support for either system of procedure, which is now advocated. Recitation of the federal authorities at· this time, therefore, would be profitless, since a reference to the digests, state and federal, will furnish them.

The conspicuous situation presented in this state is that the course of procedure in favor of the presentation of the petition and the bond upon removal to one of ″the justices of the Supreme Court has never until now been challenged as the correct practice. The authorities in this state lend no countenance to the practice proposed. Thus, in *Vermeule* v. *Vermeule,* 67 *N. J. L.* 219, this court, in a *per curiam* opinion filed at the November term, 1901, declared, "the·state courts have generally, and, as we think, properly, claimed the right to examine the petition and record, and determine whether the statutory requirements have been complied with, subject, however, to the final· determination of the .federal court upon the question of jurisdiction. This supervisory right of the state court was exercised in *National Docks Railway Co.* v. *Pennsylvania Railroad Co., 7 Dick. Ch. Rep.* 58, but that case is not·an authority against the practice that has been·pursued in the matter now before us. While the application for· an order is the better practice, it is not·essential to the transfer of the jurisdiction."

It will be observed that this declaration of practice serves, not only to indicate what was considered the proper practice in the past, but also serves to emphasize the rule to be observed for the future. Nor is it to be overlooked that while the effect of the adjudication is to render the entry of a formal order or rule in such cases unnecessary, the decision, nevertheless, is predicated upon the express declaration of the rule of practice, viz., that "the state courts have generally, and, as we think, properly, claimed the right to examine the petition and record, and determine whether the statutory requirements have been complied with."

Vice Chancellor Van Fleet, in *National Docks Railway Co.* v. *Pennsylvania Railroad Co.*, 52 *N. J. Eq.* 59, eight years earlier (1893), affirmed by the Court of Errors and Appeals, gave expression to the same rule of practice, viz.: "It is settled by repeated decisions of the Supreme Court of the United States that the state court is not required to let go its jurisdiction, until a case is made which, upon its face, shows that the defendant, asking for removal, can remove the suit as a matter of right. The decision of this question, then, is a duty which this court cannot escape." Citing *Removal Cases*, 100 *U. S.* 457, 474; *Crehore* v. *Ohio and M. R. R. Co.*, 131 *Id.* 240, 244; *Pennsylvania Railroad* v. *Bender*, 148 *Id.* 255, 258. That adjudication was relied upon and followed by Vice Chancellor Backes in *Holcombe* v. *Ames*, 87 *N. J. Eq.* 486, and by Vice Chancellor Buchanan in *Smathers* v. *Leith*, 92 *Id.* 165, in both of which cases these learned jurists, after an inspection of the record, denied the right of the complainants to remove the cause automatically upon the mere filing of a petition and bond with the court. *A fortiori* must the rule be emphasized where the documents are filed, not with the court, but with the clerical custodian of its records, who, presumably, may act only upon its order and under its direction.

In 34 *Cyc.* 1283, it is declared to be "the usual and safer practice to present the petition and bond to the judge of a state court where suit is pending, and to obtain the formal acceptance of the same by the court," and in 23 *R. C. L.*

768, the learned editor, after a discussion of the cases, observes, "certainly, it is the decorous practice for the removing party to present his petition and bond to the judge of the state court, and obtain the formal acceptance of the court. It is also the safer practice." The recognition of this procedure as correct practice has been emphasized in the District Courts of the United States in *Lee* v. *Continental Insurance Co.*, 292 *Fed. Rep.* 408; *Morganstown* v. *Hutton*, 122 *S. E. Rep.* (*N. C.*) 842; and if further authority were necessary from the federal jurisdiction, Mr. Justice Harlan supplies it in *Crehore* v. *Ohio and M. R. R. Co.*, 131 *U. S.* 240, wherein he observes: "A case is not, in law, removed from the state court upon the ground that it involves a controversy between citizens of different states, unless, at the time the application for removal is made, the record upon its face shows it to be one that is removable. We say upon its face, because the state court is only at liberty to inquire whether on the face of the record a case has been made which requires it to proceed no further."

Sufficient in the way of authority has been cited to evince that, at least, a duty of inspection of the record is cast upon the state court, and not upon its clerk, as a preliminary condition to the removal of the record. It would seem obvious, therefore, that a duty of such importance to the parties, and so fundamental in its nature upon the right of a sovereign state to control its own records, and the acts of its clerical officials, must necessarily involve an act of judicial discretion, which in courts as constituted devolves upon the court *eo nomine,* and not upon a member of its clerical staff.

In passing, it may be deemed worthy of observation that this practice has been observed contemporaneously with the professional experience of the members of this court, and presumably transmitted to them by their elders, as the accepted practice of their predecessors at the bar and on the bench. *Contemporanea expositio est optima et fortissima in lege.*

. Finally, as was observed by Chief Justice Tindall in *Scales* v. *Cheese,* 12 *M. & W.* 686, "every court is the guardian of

its own records and master of its own practice," and says Lord Ellenborough in *Bovil* v. *Wood,* 2 *M. & S.* 25: "Where a practice has existed it is convenient [unless in case of extreme urgency and necessity] to adhere to it, because it is the practice, even though no reason can be assigned for it; for an inveterate practice in the law generally stands upon principles that are founded in justice and convenience, and the courts will not sanction a speculative novelty without the warrant of any principle, precedent or authority." *Cursus curiae est lex curiae.*

These considerations lead us to order that the rule be made absolute.