HYMAN LIEBESMAN, PLAINTIFF, v. DELAWAN ACKER-
SON, GEORGE WILKINSON, MARY WILKINSON, HIS
WIFE (FIRST NAME FICTITIOUS AND UNKNOWN),
GREAT ATLANTIC AND PACIFIC TEA COMPANY, ED-
WARD L. MURPHY (FIRST NAME FICTITIOUS AND
UNKNOWN), JACK GOLDBERG, MEYER GROSSMAN,
JACK STOLPER AND HARRY STOLPER, JOINTLY, SEV-
ERALLY, AND IN THE ALTERNATIVE, DEFENDANTS.

Argued April 1, 1933—Decided December 22, 1933.

Before Justice HEHER, at the Passaic Circuit.

For the plaintiff, *Abram I. Bluestein.*

For the defendants George Wilkinson and Mary Wilkinson, *Collins & Corbin (James B. Emory,* of counsel).

HEHER, J. The basis of this application is diversity of citizenship. The action is in tort. Five motor vehicles were involved in the occurrence which furnishes the basis for plaintiff's claim of tortious conduct by defendants—nine in number, of whom five are non-residents. Plaintiff is a resident of New Jersey. The applicants, George Wilkinson and Mary Wilkinson, are residents of the State of New York. The complaint contains eleven counts. The first nine plead separate and individual causes of action against the defendants, respectively. Each of these counts charges that the named defendant, personally or by a servant, negligently operated an automobile. The tenth count charges joint negligence by all defendants, while the eleventh count repeats all the allegations of the ten counts, and claims damages from all defendants, in the alternative.

The claim asserted against defendant George Wilkinson, individually, is pleaded in the second count, which alleges that the injuries sustained by plaintiff were the result of the negligent operation of an automobile by George's servant and agent, Mary Wilkinson. None of the other defendants is therein charged with negligence. The third count, in like form as to allegations of negligence, pleads the alleged individual cause of action against defendant Mary Wilkinson.

Section 28 of the Federal Judicial Code (28 *U. S. C. A.* § 71) provides (*inter alia*) as follows:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined

as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

It is the function of the state courts, on such applications, to examine the petition and record, and determine whether the statutory requirements have been complied with. *Vermeule* v. *Vermeule,* 67 *N. J. L.* 219; *National Docks and New Jersey Junction Connecting Railway Co.* v. *Pennsylvania Railroad Co.,* 52 *N. J. Eq.* 58; 28 *Atl. Rep.* 71; *affirmed,* 52 *N. J. Eq.* 590; 33 *Atl. Rep.* 50; *Bilecki* v. *Erie Railroad Co.,* 101 *N. J. L.* 17; 127 *Atl. Rep.* 328; *Little* v. *Giles,* 118 *U. S.* 596; 7 *Sup. Ct.* 32; 30 *L. Ed.* 269. It is well settled that the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the state court at the time of the filing of the petition for removal, independently of the allegations in that petition, or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the federal court. *Louisville and Nashville Railroad Co.* v. *Wangelin,* 132 *U. S.* 599; 10 *Sup. Ct.* 203; 33 *L. Ed.* 474; *Alabama and Great Southern Railroad Co.* v. *Thompson,* 200 *U. S.* 206; 26 *Sup. Ct.* 161; 50 *L. Ed.* 441; *Chicago and Alton Railroad Co.* v. *McWhirt,* 243 *U. S.* 422; 37 *Sup. Ct.* 392; 61 *L. Ed.* 826; *Hay* v. *May Department Stores Co.,* 271 *U. S.* 318; 46 *Sup. Ct.* 498; 70 *L. Ed.* 965.

A cause in which there is a resident, as well as a non-resident defendant, cannot be removed unless the controversy as to the non-resident defendant is separable from that against his resident co-defendant. *Parlin & Orendorff Implement Co.* v. *Frey (Tex. Civ. App.),* 200 *S. W. Rep.* 1143; *certiorari* denied 250 *U. S.* 640; 39 *Sup. Ct.* 491; 63 *L. Ed.* 1184. The jurisdictional requisite to the right of removal on the ground of separable controversy is the existence of "a controversy which is wholly between citizens of different states, and which can be fully determined as between them." Even though there is a separable controversy the cause cannot be removed

on that ground, unless all the defendants in that controversy are citizens of a different state from that of the plaintiff. *Sloane* v. *Anderson,* 117 *U. S.* 275; 6 *Sup. Ct.* 730; 29 *L. Ed.* 899.

It is a firmly established rule that an action of tort, which might have been brought against many persons, or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the federal District Court, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one. "A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." *Pirie* v. *Tvedt,* 115 *U. S.* 41; 5 *Sup. Ct.* 1034; *Powers* v. *Chesapeake and Ohio Railroad Co.,* 169 *U. S.* 92; 18 *Sup. Ct.* 264; 42 *L. Ed.* 673; *Alabama Great Southern Railroad Co.* v. *Thompson, supra; Little* v. *Giles, supra.*

If the plaintiff alleges, in a case in which the claim of a right to have the cause removed is based on diversity of citizenship, that the concurrent negligence of defendants (one of whom was a non-resident), was the cause of his injury, he has a right to join them in one action. If he elects to do so, it supplies no ground for removal because he might have sued them separately. *Chicago R. I. & P. R. Co.* v. *Dowell,* 229 *U. S.* 102; 33 *Sup. Ct.* 684; 57 *L. Ed.* 1090; *Louisville and Nashville Railroad Co.* v. *Wangelin, supra; Little* v. *Giles, supra; Powers* v. *Chesapeake and Ohio Railroad Co., supra; Alabama Great Southern Railroad Co.* v. *Thompson, supra.* But if, in addition to allegations of concurrent negligence, there is also a charge of negligence against a non-resident alone, sufficient in and of itself to give rise to a

cause of action, it is a separable controversy which provides the basis for removal. *Jennings* v. *Southern Railway Co.,* 40 *Fed. Rep.* (2d) 951; *Cayce* v. *Southern Railroad Co.,* 195 *Fed. Rep.* 786; *Boyd* v. *Gill,* 19 *Id.* 145.

It is evident, from an inspection of the complaint in the instant case, that there are separable controversies, wholly between citizens of different states. The second count states a cause of action against a non-resident defendant solely, and this is true also of the third count. Each pleads a cause of action against the named non-resident defendant, independently of the other defendants. Each alleges a separate and distinct cause of action. As the basis of separate and independent causes of action, plaintiff pleaded, in individual counts, the several liability of named defendants, respectively, and their joint responsibility on the theory of concurrent negligence. In this situation, the law requires that the state courts shall, on the demand of the non-resident defendants, who are parties to the controversy which is wholly between citizens of different states, surrender its jurisdiction to the federal court.

The plaintiff elected to join the separable controversy, the parties to which are wholly citizens of different states, with a cause of action that is not removable, and he cannot now set up that it was a joint cause of action in answer to the demand for removal.

Motion granted.