This application is grounded upon a claimed diversity of citizenship requisite to confer jurisdiction upon the Federal District Court. The action sounds in tort. Its object is the recovery of the value of a motor truck demolished in a grade crossing collision. The complaint recites that plaintiff is a "corporation having its principal office in the city of Passaic, county of Passaic and State of New Jersey." There is no further allegation respecting the place of its origin or habitat. The addamnum clause asserts the consequent damage to have been $5,000.
By joint verified petition, seasonably presented, the defendants set forth, inter alia, that they were, at the time of the institution of this action, and now are, bodies corporate organized under the laws of the State of New York, and "citizens and residents of said state," and not of the State of New Jersey; that the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs; and that the plaintiff "was and now is a corporation organized under the laws of the State of New Jersey, having its principal office and place of business in the City of Passaic, county of Passaic, in said state, and was and now is a resident and citizen of said state;" and prayed acceptance of a bond in the statutory form, tendered therewith, and the removal of the action into the Federal District Court for the district of New Jersey, and the termination of all proceedings in this court.
The matter came on for hearing, on notice; and the plaintiff asked and was granted leave to amend the complaint to incorporate therein the allegations that it was a foreign corporation organized and existing under and by virtue of the laws of the Dominion of Canada, authorized to do business in the State of New Jersey in virtue of a certificate filed with our secretary of state, and that its principal office in this state was located in the city of Passaic, and to state the damage ensuing from defendants' alleged wrongdoing to have been the sum of $2,000. It seems to be a fact that the value of the *Page 566 
demolished vehicle was less than that sum, and that this alone is the measure of plaintiff's damage, if liability be established. Thereupon defendants presented a verified "supplement" to their petition for removal, setting forth these amendments to the complaint, and "renewing" their application for removal of the cause on the ground of diverse citizenship.
Plaintiff maintains that, inasmuch as it is a corporation of alien origin and existence, there is not that diversity of citizenship prescribed by the removal act as a prerequisite to jurisdiction in the Federal District Court. This contention is not well-founded.
Section 28 of the Federal Judicial Code ordains that any suit of a civil nature, at law or in equity, other than those arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, "of which the District Courts of the United States are given jurisdiction, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."28 U.S.C.A., § 71. Original jurisdicion is conferred by article III, section II, clause I, of the federal constitution, and by section 24 (1) of the judicial code enacted in the exercise of the constitutional power. The constitution provides that the judicial power shall extend, inter alia, to controversies between "citizens of different states; * * * and between a state, or the citizens thereof, and foreign states, citizens or subjects." The statute vests in the Federal District Courts jurisdiction of all suits of a civil nature, at common law or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, "and (a) arises under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens or subjects."28 U.S.C.A., § 41 (1).
It is clear that the case in hand does not fall within subdivision (b). King v. Cornell, 106 U.S. 395;1 S.Ct. 312; 27 L.Ed. 60. But, regarding the plaintiff as an alien corporation, there is diversity of citizenship within the intendment *Page 567 
of subdivision (c). The individual members of a corporaton, created by the laws of one of the states of the union, are for the purposes of suit by or against it in the state courts, conclusively presumed to be citizens of the state by whose laws the corporation is created and exists. And a corporation of a foreign state is, for purposes of jurisdiction in the courts of the union, to be deemed constructively a citizen or subject of such state. National Steamship Co. v. Tugman, 106 U.S. 118;1 S.Ct. 58; 27 L.Ed. 87; Petrocokino v. Stuart, Fed. Cas.
11041; Purcell v. British Land and Mortgage Co.,42 Fed. Rep. 465. An alien corporation is regarded as a non-resident, although it has a branch office within the state for the transaction of its business. Baumgarten v. Alliance AssuranceCompany, Limited, of London, England, 153 Id. 301; Purcell
v. British Land and Mortgage Co., supra. But the residence of an alien within a state will not deprive him of his right to sue in the federal court. Breedlove v. Nicolet, 7 Pet. 413, 430; 8 L.Ed. 731; Bonaparte v. Camden and A.R. Co., 3 Fed.Cas. 821, No. 1617; Sturchler v. Hicks, 17 Fed. Rep.
(2d) 321.
The right of removal conferred by the statute, where, as here, an alien institutes in a state court an action against a citizen of another state of the union, is absolute and unconditional; and this is so even though the plaintiff could not have originally brought his action in the Federal District Court to which removal of the cause is sought. The statutory provision that, with given exceptions not here pertinent, "no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant" (28 U.S.C.A., § 112; Judicial Code, § 51), does not condition the right to removal of an action brought in a state court by an alien against a citizen of a sister state.H.J. Decker, Jr., Co., v. Southern Railway Co.,189 Fed. Rep. 224; Cuban Trading Co. v. Black Diamond S.S. Corp., 277Id. 857; Bagenas v. Southern Pacific Co., 180 Id. 887;Matarazzo v. Hustis, 256 Id. 882; Barlow v. Chicago andNorthwestern Railway Co., 164 Id. 765; rehearing denied, 172Id. 513; Smellie v. *Page 568 Southern Pacific Co., 197 Id. 641; Sherwood v. NewportNews and M. Val. Co., 55 Id. 1.
While the question has been the subject of sharp conflict of opinion, it is now settled that the provisions of section 51 of the Judicial Code (28 U.S.C.A., § 112) relate to the venue of suits originally begun in the Federal District Court, and do not qualify or restrict the operation of the Removal act. Lee v.Chesapeake and Ohio Railroad Co., 260 U.S. 653;43 S.Ct. 230; 67 L.Ed. 443. It was there held that this provision does not qualify or restrain the general jurisdiction of the District Courts, as defined and prescribed in section 24 (1) of the code, "or withdraw any suit therefrom, but merely confers a personal privilege on the defendant, which he may assert or may waive, at his election and does waive, if, when sued in some other district, he enters an appearance without claiming his privilege." It was pointed out that the Removal act (section 28 of the code) vests in the District Court "for the proper district" jurisdiction of the cause removed; and that section 29 of the code (28 U.S.C.A., § 72) defines this jurisdictional phrase as the "district where such suit is pending." And it was further noted that, where the suit arises under the federal constitution, or a law or treaty of the United States, the right of removal is given to "the defendant or defendants" without qualification; but that in "any other suit" it is given to the defendant only if he be a non-resident of the state, and that it is not open to the plaintiff "to urge that the removal be into the District Court for some other district, for it is his act in bringing the suit in a state court within the particular district which fixes the venue on removal."
The considerations underlying this interpretation of the removal statute are stated in General Investment Co. v. LakeShore and M.S. Railroad Co., 260 U.S. 261; 43 S.Ct. 106;67 L.Ed. 244: First, because the venue provision (section 51 of the code) "does not except or take any suit from the general jurisdiction conferred by section 24; next, because there could be no purpose in extending to removals the personal privilege accorded to defendants by section 51, since removals are had only at the instance of defendants; and, *Page 569 
lastly, because the venue on removal is specially dealt with and fixed by section 29." A contrary construction would obviously emasculate subdivision (c) of section 24 (1) of the code.
But plaintiff argues that, in virtue of the amendment of thead damnum clause, the co-jurisdictional requisite of a matter in controversy exceeding the prescribed sum or value is lacking. This contention must likewise be dismissed.
The inquiry here is to determine the scope of the state court's power when federal jurisdiction is invoked. Defendants deny the existence of any authority in the premises.
The right of removal springs from the constitution and statute, and depends upon the existence of and compliance with the conditions laid down in the statute.
It is a sine qua non to federal jurisdiction that the record show the cause to be within one of the classes subject to removal under the act. The jurisdictional prerequisites are shown by a verified petition averring the particular facts, not already appearing, which the law makes conditions precedent to the removal or change of jurisdiction. The petition performs the office of a pleading, and, when filed, becomes a part of the record in the cause. It is requisite that it state "facts, which, taken in connection with such as already appear, entitle" the party seeking removal to the transfer, and "if he fails in this, he has not, in law, shown to the court that it cannot `proceed further with the cause.'" Phoenix Insurance Co. v. Pechner,95 U.S. 183; 24 L.Ed. 427. The right to remove cannot be rested therein upon the mere allegation that the case is removable, or belongs to one of the enumerated classes, or otherwise to rest upon bare legal conclusions. It is fundamental in the statute that the state court is not obliged to surrender its own jurisdiction until federal jurisdiction is thus shown on the face of the record. Stone v. South Carolina,117 U.S. 430; 6 S.Ct. 799; 29 L.Ed. 962; Yulee v. Vose,99 U.S. 539; 25 L.Ed. 355; Removal Cases, 100 U.S. 457;25 L.Ed. 593; Phoenix Insurance Co. v. Pechner, supra; Alabama G.S.Railroad Co. v. Thompson, 200 U.S. 206; 26 S.Ct. 161;50 L.Ed. 441; Wilson v. Oswego Township, 38 L.Ed. 70, 71;Chicago and Alton Railroad *Page 570 Co. v. McWhirt, 243 U.S. 422; 37 S.Ct. 392;61 L.Ed. 826; Chesapeake and Ohio Railroad Co. v. Cockrell,232 U.S. 146; 34 S.Ct. 278; 58 L.Ed. 544; Little York Gold-Washingand Water Co. v. Keyes, 96 U.S. 199, 202; 24 L.Ed. 656,658; Powers v. Chesapeake and Ohio Railroad Co.,169 U.S. 92; 42 L.Ed. 673; Wilson v. Republic Iron and Steel Co.,257 U.S. 92; 66 L.Ed. 144.
The cause is not removed from the state court, unless at the time the application for removal is made, "the record, upon its face, shows it to be one that is removable." Crehore v. Ohioand Mississippi Railroad Co., 131 U.S. 240; 9 S.Ct. 692;33 L.Ed. 144; Wilson v. Republic Iron and Steel Co., supra;Burlington, C.R. and N. Railroad Co. v. Dunn, 122 U.S. 513;7 S.Ct. 1262; 30 L.Ed. 1159; Kansas City, Ft. S. and M. Co.
v. Daughtry, 138 U.S. 298; 11 S.Ct. 306; 34 L.Ed. 963;Madisonville Traction Co. v. St. Bernard Min. Co.,196 U.S. 239; 25 S.Ct. 251; 49 L.Ed. 462. The right of removal depends upon the case disclosed by the pleadings as they stand when the petition therefor is filed. Salem Trust Co. v. Manufacturers'Finance Co., 264 U.S. 182; 68 L.Ed. 628; Ex ParteNebraska, 209 U.S. 436; 28 S.Ct. 581; 52 L.Ed. 876;Barney v. Latham, 103 U.S. 205; 26 L.Ed. 514.
While there is a contrariety of view respecting the legislative purpose, it is evident that the statute contemplates what may be denominated judicial action by the state court. See Liebesman
v. Ackerson, 112 N.J.L. 31; Bilecki v. Erie Railroad Co.,101 Id. 17; Smathers v. Leith, 92 N.J. Eq. 165;Vermuele v. Vermuele, 67 N.J.L. 219; National DocksRailway Co. v. Pennsylvania Railroad Co., 52 N.J. Eq. 58;affirmed, 52 Id. 590; Holcombe v. Ames, 87 Id. 486. It would seem to be its function to determine as a matter of law, from the factual situation disclosed by the pleadings, with the allegations contained in the petition for removal ordinarily having prevalence, the existence vel non of the jurisdictional prerequisites.
Section 29 of the code (28 U.S.C.A., § 72) provides that removal in an appropriate case may be had by the filing in the state court of a petition, one of the customary modes of invoking judicial action, and a bond conditioned as therein *Page 571 
prescribed, and that "written notice of said petition and bond for removal shall be given the adverse party or parties prior tofiling the same." The statute then declares it to be "the duty of the state court to accept said petition and bond andproceed no further in such suit." But, as expressly therein stated, such a petition may be filed only by a "party entitled to remove any suit mentioned in" the section providing for removals.28 U.S.C.A., § 71. It is axiomatic that the state court is not obliged to surrender its jurisdiction, unless the pleadings, by appropriate allegations of fact, show a removable cause of action; and, as pointed out, this is the settled rule. And, where the pleadings are deficient in this fundamental requisite, the state court may make such a judicial finding, and retain its jurisdiction. If the pleadings show a removable cause, jurisdiction of the federal court attaches automatically; but the converse of this proposition is equally true. In the latter situation the federal court is wholly without jurisdiction. It follows, as a necessary consequence, that the jurisdiction of the federal court, when it has attached under the statute, is exclusive; and, by the same token, the state court has the power, in the protection of its own jurisdiction, subject to the ultimate authority of the federal courts in the premises, to determine whether, on the face of the pleadings, it has been ousted of jurisdiction. Orderly procedure would seem to require such a construction of the statute.
In Chesapeake and Ohio Railroad Co. v. Cockrell, supra, the Federal Supreme Court gives full recognition to the right of the state tribunal to refuse a surrender of its jurisdiction, when the jurisdictional facts are not properly pleaded in the petition for removal, or do not otherwise appear of record. There the petition alleged that charges of negligence in the complaint against resident railway employes in charge of the movement of the train which caused the injuries complained of, who were joined as defendants with the non-resident railway company, were false and untrue, and were made solely for the fraudulent purpose of preventing the railroad company from removing the cause to a federal court on the ground of diverse citizenship; and it was held that *Page 572 
the petition was deficient, in that it did not contain a "statement of facts rightly engendering" a conclusion of fraudulent joinder. The procedure in case of a wrongful refusal of a state court to surrender its jurisdiction is here pointed out. To the same effect are Chesapeake and Ohio Railroad Co. v.McCabe, 213 U.S. 207; 29 S.Ct. 430; 53 L.Ed. 765;Illinois Central Railroad Co. v. Sheegog, 215 U.S. 308;30 S.Ct. 101; 54 L.Ed. 208; Wilson v. Republic Iron and SteelCo., supra; Crehore v. Ohio and Mississippi Railroad Co.,supra. In the last cited case, it was conceded that the state court is "at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further." And in Stone v. South Carolina, supra, it was laid down that the state court may quite properly "determine for itself whether, on the face of the record, a removal has beeneffected."
It is worthy of note that a contemporary author of a work on federal practice, jurisdiction and procedure, expresses the view that the duty of the state court is "to make an order of removal only when a case is made by the removal papers;" that it "must exercise judgment on the case presented;" and that "this duty to determine that there is no right of removal seems to be a proper implication from the modern requirement" of a "written notice" to the adverse party. Hughes Federal Practice, § 2541. See, also,Ibid., §§ 2551, 2553.
But such, however, is the full extent of its authority in the premises. Applying these principles, this court is constrained to surrender its jurisdiction. Here the record presented, upon the filing of the petition for removal, the requisite elements of federal jurisdiction, i.e., diversity of citizenship and a controversy involving the amount prescribed by the statute. True, it is now conceded the allegation that plaintiff is a corporate citizen of New Jersey is not well founded in fact. But in the state court there can be no factual inquiry beyond the face of the record; that is the exclusive province of the federal court. The determination of an issue of fact arising upon the petition for removal is the function of the latter tribunal. Stone v.South Carolina, supra; Removal Cases, supra; Wilson v.Republic Iron and Steel Co., supra; Chesapeake *Page 573 and Ohio Railroad Co. v. White, 111 U.S. 134, 137;28 L.Ed. 378; Little v. Giles, 118 U.S. 596; 30 L.Ed. 269;Wecker v. National Enameling and Stamping Co.,204 U.S. 176; 27 S.Ct. 184; 51 L.Ed. 430; Crehore v. Ohio andMississippi Railroad Co., supra; Carson v. Hyatt,118 U.S. 279; 30 L.Ed. 167; Carson v. Dunham, 121 U.S. 421;7 S.Ct. 1030; 30 L.Ed. 992. Moreover, as indicated, the requisite diversity of citizenship existed nevertheless.
The state court is bound to accept as true the statements of fact contained in the petition for removal. Ordinarily, the averments of the petition prevail over those of the prior pleadings. An exception is the statement of the sum or value of the subject-matter of the litigation. Bacon v. Iowa CentralRailroad Co., 157 Iowa 493; 137 N.W. Rep. 1011; affirmed,236 U.S. 305; 35 S.Ct. 357; 59 L.Ed. 591. The power of amendment of the ad damnum clause of the complaint exists before the presentation of the petition for removal and bond, but not thereafter, for then the jurisdiction of the federal court has attached. Kanouse v. Martin, 56 U.S. (15 How.) 198;14 L.Ed. 660.
Petition granted.