CHARLES H. HOLCOMBE, receiver of the New Jersey Steel Company,

*v.*

JAMES McE. AMES et al.

[Submitted March 17th, 1917. Decided March 28th, 1917.]

Joint liability imposed by law on directors who authorized and approved payment of dividends when there was no surplus or net profits, they being joint tort-feasors, and the relief to which complainant is entitled being a money decree against all of them, there is no separable controversy as to non-resident directors so as to authorize removal of a cause under the United States statute.

---

On petition for removal of cause.

*Mr. Scott Scammell,* for the complainant.

*Mr. J. Fithian Tatem,* for the defendants.

BACKES, V. C.

The receiver of the New Jersey Steel Company filed his bill against the former directors of the company, eleven in number, setting up that during their administration they authorized and approved payments of dividends to the holders of the preferred stock of the defunct company, aggregating $75,250, at times when there was no surplus or net profit arising from the conduct of the business of the company, in willful and negligent violation of the provisions of section 30 of "An act concerning corporations (Revision of 1896)," *Comp. Stat. p. 1592,* as amended by chapter 143 of the laws of 1904. *P. L. 1904 p. 275.* The prayer is that the directors "be decreed jointly and severally to pay the full amount of the said dividends." The section of the act referred to prohibits directors of a corporation from paying dividends except from the surplus or from the net profits arising from the business of the corporation, and imposes a joint and several liability upon them for any willful or negligent violation, which in case of insolvency is enforceable by the receiver to the full amount of any loss sustained by the corporation by reason of such division. Two of the director defendants are residents of this state; the others reside elsewhere, one of whom is George D. Boughton, who has filed his petition, together with the usual bond, setting up the diverse citizenship of the complainant and nine of the defendants; that he is a citizen of the State of Pennsylvania; and that the suit presents a separable controversy as to him. The petition prays for an order removing the cause into the federal court for this district, pursuant to section 1010 of the revised statutes of the United States, as amended January 20th, 1914. *1 U. S. Comp. Stat. 1916 p. 841.* The complainant disputes the separability of the action. The question here presented was disposed of adversely to the contention of the applicant, by this court, in the case of *National Docks Co.* v. *Pennsylvania Rail-*

*road Co., 52 N. J. Eq. 58; affirmed, 52 N. J. Eq. 590,* in which Vice-Chancellor Van Fleet held upon authorities cited that the complainant has a right to have the question decided by this court, and that the state court is not required to let go its jurisdiction until a case is made which, upon its face, shows that the defendant asking for removal can remove the suit as a matter of right; that to justify the removal of a suit, on the ground of a separate controversy between citizens of different states, there must be a controversy which is wholly between the plaintiff and the defendant seeking to remove, and which is capable of being finally determined between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit; and that in deciding whether or not a separable controversy exists between the plaintiff and the defendant claiming the right to remove, the cause of action alleged in the plaintiff's pleading must be accepted as the only criterion of the decision, and if it is there alleged that the cause of action is joint, and if it appears that some of the defendants are citizens of the same state with the plaintiff, it must be held that the suit is not removable. That case is controlling.

The statute imposes a joint liability upon all of the directors and, accordingly, the bill charges them jointly as tort-feasors. As the relief to which the complainant is entitled is a money decree against all of the directors, which relief obviously could not be afforded in a prosecution against the applicant alone, it is manifest that the controversy is not separable. The motion to remove is denied, with costs.