FRANK SMATHERS, receiver of Atlantic City Suburban Gas and Fuel Company,

*v.*

SYL A. LEITH and DAVID C. BRADLEY, executors, et al.

[Decided June 28th, 1920.]

Complainant, receiver of an insolvent corporation, filed a bill alleging a transfer of funds of the company while insolvent to creditors in payment of the debt owed them, joining the creditors and directors of the corporation as defendants, asking that the transfer be adjudged null and void and for a decree against the creditors that they repay, and against the directors for the amount of the company's loss if the creditors do not repay.—*Held*, on petition by the defendant creditors for removal to the federal court, that the controversy between complainant and the defendant creditors is separable from that between complainant and the directors.

On bill. On petition for removal to federal court.

*Messrs. Hutchinson & Hutchinson,* for the petitioner.

*Mr. Lewis Starr,* for the respondent, Frank Smathers, receiver.

BUCHANAN, V. C.

The bill of complaint in this cause is filed by the receiver of the Atlantic City Surburban Gas and Fuel Company, an insolvent corporation, alleging that the directors of that company made an improper and illegal payment of some $6,000 to Pleasantville Heat, Light and Power Company; that the Pleasantville company has since become insolvent; that the same directors of the Atlantic City company, while the latter was insolvent, paid to the defendants Leith and Bradley, as executors of Savery Bradley, deceased (the present petitioners), $5,000 in repayment of a loan made to the company by their testator in his lifetime. Complainant has made all of the directors of the

Atlantic City company parties defendant, and also the executors, Leith and Bradley. One of these executors, David Bradley, happened to have been one of the directors, and he is therefore made a defendant, individually, as well as in his capacity as executor. Complainant seeks to recover from the directors the amount of the wrongful payment made to the Pleasantville company; and, as to the $5,000 payment, this he seeks to recover primarily from the executors of Savery Bradley, deceased, and, secondarily, from the directors.

The petitioners upon due notice presented their petition for removal, with proper bond, by which petition it appears that they are residents of Pennsylvania (as was also their testator), and that complainant, as well as each of the other parties, is a resident of New Jersey, and the Atlantic City company a New Jersey corporation. They contend that the controversy between complainant and themselves as executors is separable from the other controversies set forth in the bill of complaint and seek an order of removal thereof to the United States district court.

The only opposition is from complainant, who denies that the issues between himself and the executors of Bradley is a separable controversy.

It is true that this court is not required to surrender its jurisdiction unless and until the petitioners for removal present a case showing on its face that they have that right. *National Docks Railway Co.* v. *Pennsylvania Railroad Co., 52 N. J. Eq. 58; affirmed, 52 N. J. Eq. 590; Holcombe, Receiver,* v. *Ames, 87 N. J. Eq. 486.*

The pertinent portion of the federal statute is as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." *Judicial Code, Act March 3d, 1911, § 28.*

This portion of the statute is identical with the provision in the act of March 3d, 1875, and it is well established that in order to justify a removal upon the grounds of separable controversy

and diverse citizenship, there must be shown to be a controversy wholly between citizens of different states which can be fully determined as between them, and complete relief afforded as to the separate cause of action without the presence of others originally made parties to the suit. *Torrence* v. *Shedd, 144 U. S. 527; National Docks Railway Co.* v. *Pennsylvania Railroad Co., supra.*

Complainant argues that his bill is filed by him as receiver to gather in assets, and that for that purpose all persons in any way liable for the diversion of assets from the insolvent company were made parties. His theory, apparently, is, that the situation is analogous to such cases as *Graves* v. *Corbin, 132 U. S. 571,* where the bill was filed by a creditor to reach the entire property of a partnership, which had been fraudulently dissipated and diverted to and amongst divers persons, all of whom were made defendants as well as the partners. In that case, however, all of the defendants who had separately received the several portions of partnership property were charged with being parties to the fraudulent scheme.

Of course, the purpose of the complainant is to collect assets due the corporation. That in itself, however, is insufficient to show that the suit is indivisible. A suit against a number of consumer-customers of the insolvent corporation who had not paid their bills would have the same purpose to gather in assets, but it would not seriously be contended that any one such defendant, not connected with any other defendant, did not have a separate controversy.

In the present case relief is sought against Bradley's executors by an adjudication that the payment of the $5,000 to them by the Atlantic City company was made by that company while insolvent, or in contemplation of insolvency, and is therefore null and void as against creditors under the statute (necessarily meaning section 64 of the Corporation act of 1896) and a decree that they repay the said sum. The relief sought against the directors is that they be decreed to pay to complainant the $5,000 "negligently, wrongfully and illegally paid" to the Bradley executors "in case complainant is unable to recover said amount from said executors," and that they also be decreed to

pay to complainant the $6,000 wrongfully, negligently, illegally and fraudulently paid to the Pleasantville company. Presumably, relief in this behalf also is sought against the Bradley executors, since it is alleged that their testator was one of the directors at the time of the payment to the Pleasantville company. (Indeed, it is also alleged that he, the deceased Bradley, was also a director of the insolvent corporation at the time the $5,000 payment was made to his own executors.)

Nevertheless, the fact that the petitioners may be necessary parties defendant in the cause of action against the directors does not make the directors necessary parties in the cause of action against the petitioners. The statute does not provide that if the suit contains, amongst others, a controversy in which the petitioners for removal are necessary parties and which is not removable because the necessary conditions as to diverse citizenship do not exist, that the suit shall not be removed. The provision is just the converse—that the suit may be removed if a separable controversy between diverse citizens does exist in the suit—irrespective of what other controversies there are in the suit.

It seems quite clear to me that a separable controversy does exist in the present case. The liability of the executors is that of a recipient of assets under a void or voidable transfer or conveyance, namely, to repay or refund the assets received or the value thereof, and it is absolutely separate and distinct from the alleged liability of the directors. So far as concerns this alleged liability of the transferees, it is utterly immaterial whether they knew, or ought to have known, of the insolvent condition of the corporation, since the transaction was not a *bona fide* purchase for valuable consideration. And it is likewise utterly immaterial whether or not there is any liability of the directors in connection with the transfer. Complainant's bill does not allege a joint liability by the executors and the directors, for this $5,000 payment he prays relief "primarily" against the executors, and, "secondarily," against the directors, "in case he is unable to recover said amount from the executors." Nor is there any such joint liability in fact. There is no allegation of joint tort or participation in a fraud. The executors are liable if at all in an

action upon an implied contract to repay the sum paid to them as alleged in violation of section 64 of the Corporation act, which declares such payments after insolvency void. The directors are liable, not because they made the payment in violation of that section which forbids it, but because they, as trustees, have violated their trust. They would not be liable at all if a decree were secured against the estate and collected for no loss would have been occasioned by their breach of trust.

It seems perfectly obvious, therefore, that as to the liability of, and cause of action against, the executors, the directors are not nor are any of them necessary parties. As to it, final and complete determination can be had, and complete relief afforded, between complainant and the executors "without the presence of others originally made parties to the suit." Whether or not the directors might be proper parties, though not necessary parties, is immaterial, for, in order to prevent the right to remove, they must be necessary parties. *Barney* v. *Latham, 103 U. S. 205.*

If precedent be desired, it would seem that *Geer* v. *Mathieson Alkali Works, 190 U. S. 428,* is precisely in point. In that case it was alleged that the officers and directors of the Mathieson company had made a fraudulent conveyance to the Castner company. The bill was filed by stockholders of the Mathieson company, and that company, as well as its officers and directors, and the Castner company were made defendants. The relief prayed against the Mathieson company was for an adjudication of the transfer as fraudulent and void, and a receiver and restraint; against the Castner company for a recovery of the property conveyed to it, and the profits therefrom; and against the Mathieson company's directors for a recovery of all loss occasioned to the Mathieson company and complainants by their wrongful conduct. It is held that there was a separable controversy between complainants and the two companies, to which the directors of the Mathieson company were not necessary parties, and that the cause has been rightfully removed to the federal court.

As a matter of fact. the right of the present petitioners to an order removing the cause, rests upon even a stronger basis than has heretofore been mentioned, for, while complainant claims

in his bill (paragraph 25 thereof) to be entitled secondarily to a decree against the directors requiring them to pay to complainant "the said sum of $5,000 negligently, wrongfully and illegally paid to the executors of Savery Bradley  *  *  *  as above set forth," there is nowhere in the bill any allegation that the directors, or any of them, caused this payment to be made or had anything to do with it or any knowledge thereof. The allegation is (paragraph 16 of the bill) that the *company* made the payment. In paragraph 22 it is said that the payment of $5,-000, "as set forth in paragraph 16 hereof," was in violation of the duty of the directors, and that therefore complainant had a right of action against the directors. This statement, however, is, of course, a conclusion of law—not an allegation of any fact or facts upon which such conclusion might rest.

The order of removal will be advised.