WEST JERSEY AND SEASHORE RAILROAD COMPANY, complainant,

*v.*

COUNTY OF CAPE MAY et al., defendants.

[Decided November 20th, 1926.]

1. A railroad company may have a municipal lien for freight upon goods shipped, not to a bridge to be constructed by a county, but to a station some distance away, there to be delivered to the contractor for building the bridge.

2. The notice of claim filed by the railroad company in this case, *held* to comply with the statute.

3. The fact that the notice filed claimed $10 too much does not invalidate or defeat the claim.

4. Evidence examined, and *held*, that the lien claimed has been preserved by suit brought within the statutory time.

———

On bill, &c.   On final hearing.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Mr. Palmer M. Way* and *Messrs. French & Richards,* for the defendant county of Cape May.

*Mr. Mark Sooy,* for the defendants William Beckman, Allen E. Grace, Singley's Garage, Cecil Ober and Israel T. Woolson, Morris, Wheeler & Company, Anglesea Food Supply Company, Cusack Hardware Company, Jeremiah McCabe, Edgar F. Endicott, George Frith, R. W. Ryan, Joseph Camp.

INGERSOLL, V. C.

This is a municipal mechanics' lien suit in connection with the Grassy sound bridge. It was instituted by the railroad company to enforce a claim for freight upon materials shipped to Anglesea and Wildwood Junction.

At the final hearing of the cause, a witness was examined and cross-examined. A continuance of the hearing then being in order, it was arranged that, before any date be fixed, briefs be presented to the court upon the legal questions that have thus far arisen in the case, as a decision of such questions may make a further hearing unnecessary.

The defendants raise four legal questions to be determined, which will be considered in the order as presented—

I.

Can a railroad company have a municipal lien for freight upon goods shipped, not to the bridge, but to stations a mile or so away and there delivered to a person who happens to be the contractor?

In determining this question, the fact that the goods in question were used by the contractor in the erection of the building (bridge) in question must be conceded.

Under our statutes a mechanics' lien claim suit may be maintained for the transportation and delivery of materials, as for labor performed for the erection and construction of a building. *Davis* v. *Mial, 86 N. J. Law 167.*

*Union Traction Co.* v. *Kansas Casualty Co., 112 Kan. 774; 30 A. L. R. 464,* holds that the freight charges of a traction company for transporting certain carloads of brick from the city of their manufacture to the city where the bricks were to be used for the paving of public streets are not lienable

It is evident, however, that *Davis* v. *Mial, supra,* is conclusive that the transportation charges are subject for lien.

The language of Judge Spear, as adopted by the chancellor in the court of errors and appeals, is illuminating: "When the manufacturer fixes his price at so much 'delivered at the building,' does anyone doubt that the price includes an allowance for cartage? In the case at bar it is sought to

subject the building to a lien for labor performed in the erection and construction of the building because, had the transportation charges been included in the price of the goods, there could have been no doubt of the right to a lien. I am clear that such service constitutes labor performed for the erection and construction of a building."

The railroad company has therefore the right to lien for freight upon the goods in question.

## II.

Does the notice of claim filed by the railroad company meet all the statutory requirements for the creation of a valid lien?

This resolves itself to a question of fact, which I find in favor of the complainant.

## III.

Does the fact that the notice filed was incorrect and claimed too much money defeat the claim?

The notice claimed an item of ten dollars ($10) as freight, which, as a matter of fact, was an item for materials furnished. This was clearly an error, and the notice and claim were made in good faith, and the lien, therefore, does not fail *Camden Iron Works* v. *Camden, 64 N. J. Eq. 723.*

## IV.

If the complainants ever had a lien under the Municipal Lien law, has it been preserved by bringing suit thereon within the statutory time?

Defendants cite: *Haughwout & Pomeroy* v. *Murphy, 22 N. J. Eq. 531; Haupt Co.* v. *Board of Education of Edgewater, 87 N. J. Eq. 362.*

In the latter case, the court of errors and appeals in a *per curiam* opinion stated: "* * * we think it enough to say that when a lien is claimed, the suit is not begun until the subpœna is taken out."

In the former case, the question was the filing of *lis pendens,* and the court said: "Before any statutory provision was made requiring notice of the pendency of the suit to be filed in order to charge a subsequent purchaser from the defendant with notice of the litigation, it became the established practice that subpœna served and bill filed were necessary before the suit was considered as commenced   *   *   *."

Suits in chancery are commenced by the issuance and service of subpœna, or the making of a *bona fide* attempt to serve it, after the bill has been filed. *Delaware River Q. & C. Co.* v. *Mercer Freeholders, 88 N. J. Eq. 506* (at *p. 511*), and cases therein cited. In this case Vice-Chancellor Backes distinguishes the *Lis Pendens* act and the Municipal Lien act.

Vice-Chancellor Foster, in *Buchanan & Smock Lumber Co.* v. *Brower, 95 N. J. Eq. 422* (at *p. 425*), says: "This section of the act does not, as counsel claims, change the rule of the cases that an action in chancery is begun when process issues   *   *   *."

Commencement (of an action) is marked by the issuance of subpœna after bill filed, provided the subpœna is instrumental, directly or indirectly, in bringing the defendant within the jurisdiction of the court. *Lehigh Valley Railroad Co.* v. *Andrus, 91 N. J. Eq. 225.*

It follows that a final determination must be had. If either party desires to take further testimony, or to be further heard, a short day will be given.