Bills of complaint were filed by the above named complainants against the above named defendant, on July 18th, 1933. The bills pray for a preliminary mandatory injunction and *Page 500 
other relief against the defendant. Upon the filing of the bills orders were issued requiring the defendant to show cause on July 24th, 1933, why the ad interim relief therein sought should not be granted. On July 20th, 1933, John R. Hardin, Jr., of the firm of defendant's solicitors, requested the solicitor of the complainants to continue such orders to show cause to July 31st, 1933, for hearing and argument, and agreed to acknowledge service of subpoenas in behalf of defendant. Letters subsequently passed between the solicitor of the complainants and the solicitors of the defendant, which clearly confirms the aforesaid arrangement. Formal stipulations to effect such arrangement were mailed by the solicitor of the complainants to the solicitors of the defendant. The solicitors of the defendant concede the aforesaid arrangement, but urge that inasmuch as they did not sign the form of stipulation forwarded to them by the solicitor of the complainants to clearly manifest such arrangement for continuance of the order to show cause and argument thereon, the arrangement which they concede they made with the solicitor of the complainants is not binding upon the defendant so as to estop the defendant from petitioning for a removal of complainants' bills of complaint and orders to show cause issued thereon, to the federal court. Aside from the unethical attempt, as I conceive it to be, of the solicitors of the defendant to endeavor to recede from their aforesaid arrangement with the solicitor of complainants for one week's continuance of the orders to show cause for hearing and argument thereon, and to acknowledge service of subpoenas in behalf of defendant, I am of the opinion that in equity the conduct of the solicitors of the defendant in such respect should be regarded as a waiver of any right of the defendant to remove such bills of complaint and orders to show cause from the court of chancery to the federal court. Waiver of right of removal may be not only by express agreement, but by conduct also. I am of the opinion that the aforesaid conduct of the defendant's counsel should be regarded as equivalent to defendant's waiver of right of removal from this court to the federal court and it ought to be enforced as such by this court. In St. *Page 501 Louis-San Francisco Railway Co. v. Simmons (1926),116 Okla. 126; 242 Pac. Rep. 151, it was held that a right to remove a cause from a state to a federal court may be waived by estoppel through conduct unequivocally evincing election to proceed in the state court. Such rule of law I regard as being applicable to the instant case. Furthermore, I am of the opinion that the defendant's petitions for removal have been prematurely filed in this court. The complainants have no suits pending in this court which may be removed to the federal court under the authority of the federal statute applicable. Federal JudicialCode, §§ 28, 29 (tit. "28 United States Code Annotated"). Section 28 of said code being section 71 of title 28 of the United States Code Annotated, provides — "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." Section 29 of said code, being section 72 of title 28 of the United States Code Annotated, provides — "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their *Page 502 
appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court." In the matter sub judice, it cannot be said that suits in the court of chancery have been begun by the complainants against the defendant. True, bills of complaint were filed in which the petitioner herein is named as defendant, and such bills contain a prayer for subpoenas, but no subpoenas have been issued and served. A suit in chancery is not begun until subpoena has been issued and served. Crowell v. Botsford,16 N.J. Eq. 458; Haughwout v. Murphy, 22 N.J. Eq. 531; Hermann v.Mexican Petroleum Corp., 85 N.J. Eq. 367; M. Haupt Co. v.Board of Education of Edgewater, 87 N.J. Eq. 362; Delaware RiverQuarry and Construction Co. v. Mercer Freeholders, 88 N.J. Eq. 506; Lehigh Valley Railroad Co. v. Andrus, 91 N.J. Eq. 225;West Jersey and Seashore Railroad Co. v. Cape May County,100 N.J. Eq. 181, 184. The petitioner herein has manifestly misconceived the nature of the matter now pending before this court. As indicated hereinabove all that has thus far transpired in this court, preceding the filing by the defendant of its petitions for removal, was the filing by complainants of the bills of complaint, and the issue of orders to show cause thereon. In Hermann v. Mexican Petroleum Corp., supra, Vice-Chancellor Backes (at pp. 370, 371) quoted from Fitch v.Smith and Terry v. Smith, 10 Paige 9: "* * * The filing of the bill, however, is not the commencement of the suit, although by statute the bill must now be filed before any process for the appearance of the defendant can be issued. 2 Rev. Stat. pp. 179,180 §§ 70, 76. It is *Page 503 
true, in common parlance, we use the expression `filing of the bill' to denote the commencement of a suit in chancery, instead of referring to the issuing and service of the subpoena, or the making of a bona fide attempt to serve it, after the bill has been filed, which is the actual commencement of the suit in this court." Citing Webb v. Pell, 1 Paige 564; 1 Dan. Ch. Pr. 554.
In the Hermann Case, supra (at p. 371), Vice-Chancellor Backes says: "The authorities upon this point are collected inUnited States v. American Lumber Co., 80 Fed. Rep. 309;85 Fed. Rep. 827. The presentation of a bill to the chancellor, and the granting thereon of an order to show cause why an injunction should not issue, with an ad interim stay, brings the litigation before him for a limited purpose, and is not the institution of the suit. It is merely before him on a motion to consider the question whether an injunction should issue when the suit should be commenced; to which the defendant enters but a special appearance for the purpose of combating the application, a privilege accorded him, which has grown into popular practice within recent years. The earlier method was to, in the first instance, grant a preliminary injunction, with the sealing of which a subpoena had to be issued, and, obviously, because the writ of injunction could not go forth except in a suit which had been begun. In Allman v. United Brotherhood of Carpenters,supra, the present chancellor had occasion to call attention to the correct practice." The Allman Case, cited hereinabove, is reported in 79 N.J. Eq. 150; affirmed, Ibid. 641. See, also,Spoor-Thompson Machine Co. v. Bennett Film Laboratories,105 N.J. Eq. 108, wherein (at p. 112), I said: "Bennett has not been served with a subpoena ad respondendum, has not filed an answer to the complainant's bill, nor has it voluntarily appeared in this suit. This court has not merely by means of complainant filing its aforesaid bill obtained jurisdiction over Bennett so as to warrant the court in making a valid order or decree against it in the premises." While I consider I have no discretion as to the filing of the petitioner's notice of intended application for removal and its petition therefor, and bond for removal requisite therewith, I am of the opinion that it is entirely *Page 504 
discretionary as to whether I advise an order for removal, as sought by the petitioner. My consideration of the bills of complaint filed in this court, orders to show cause thereon, and affidavits filed by the solicitor of the complainants evidencing the above mentioned arrangement between him and the solicitors of the defendant, with respect to one week's continuance of the orders to show cause for hearing and argument thereon, and the law applicable to the matter sub judice, actuates me in determining that I should not advise such orders; nor will I advise an order denying same. The petitioner can obtain such benefit, if any, as it may derive from the filing of its petitions. Cases which I have examined as to the rules of law applicable to removal are Harlan v. Van Alstan, 10 N.J.L.J.111; National Union Bank of Dover v. Dodge, 42 N.J. Law 316,318; Bilecki v. Erie Railroad Co., 101 N.J. Law 17;127 Atl. Rep. 328; National Docks, c., Railway Co. v. PennsylvaniaRailroad Co., 52 N.J. Eq. 58; Holcombe v. Ames, 87 N.J. Eq. 486; Smathers v. Leith, 92 N.J. Eq. 165.
In view of the foregoing I am of the opinion that the complainants may proceed to hearing under the orders to show cause heretofore issued by this court based upon the bills of complaint filed in behalf of the above named complainants, and that the filing by the defendant of the petitions for removal, aforesaid, do not effect prohibition of this court's power and authority to proceed in such respect.