The petition is filed by Heywood Broun, a non-resident defendant, and seeks the removal of the cause to the United States district court for the district of New Jersey upon the grounds (as stated in the brief) (1) that it is a suit over which the United States district court would have original jurisdiction under section 41 of title 28, United States Code, and in which there is a controversy wholly between citizens of different states; and (2) that it is a suit in which the United States district court would have original jurisdiction under section 41 and arises under the provisions of the constitution of the United States.
The bill may be considered as one to restrain unlawful acts arising out of a labor strike, although so far as the trustee-complainants are concerned there may be material points of difference between the present suit and those injunction suits usually arising out of labor controversies. There are sixty-three defendants named in the bill; sixty-one of them, including the petitioner, are individual defendants, and two, the American Newspaper Guild and Newark Newspaper Guild, are voluntary unincorporated associations. It appears from the petition and annexed pleadings that the only non-resident defendant is the petitioner Heywood Broun, but all of the other defendants have filed a "consent and joinder" to the petition. Upon the filing of the bill an order to show cause with preliminary restraint was issued and the present petition was filed with the court on the return day of the order to show cause. At the oral argument it was asserted by counsel for the petitioner that on presentation of this petition this court had no alternative but to advise an order *Page 104 
transferring the cause to the federal court. This assertion was startling, to say the least, and finds no support in our decisions. The rule is to the contrary. Upon the filing of such a petition it is not only the right, but "a duty which this court cannot escape," to inspect the record and to determine whether or not such record upon its face shows that the cause is removable.National Docks Railway Co. v. Pennsylvania Railroad Co.,52 N.J. Eq. 58; affirmed, Ibid. 590; National Union Bank v. Dodge,42 N.J. Law 316; Vermeule v. Vermeule, 67 N.J. Law 219;Holcombe v. Ames, 87 N.J. Eq. 486; Smathers v. Leith, 92 N.J. Eq. 165; Bilecki v. Erie Railroad Co., 101 N.J. Law 17; Eckel
v. Shell Products, Inc., 113 N.J. Eq. 498. This question is one for decision of the state trial court in the first instance.National Docks Railway Co. v. Pennsylvania Railroad Co.,supra; Noble v. Massachusetts Beneficial Association
(C.C.N.Y., 1891), 48 Fed. Rep. 337; Springer v. Howes
(C.C.N.C., 1895), 69 Fed. Rep. 849; State v. Mosman,231 Mo. 474; 133 S.W. Rep. 38. That court is at liberty to decide that the petition does not show a removable cause or is insufficient, upon its face, and for the purposes of the decision of that question all the allegations in the bill of complaint are to be considered and taken as confessed (National Docks Railway Co.
v. Pennsylvania Railroad Co., supra; tit. 28 § 71 U.S.C.A.note 565), although no action of the state court can confer or take away the right to remove a cause to a federal court. Whether or not the state court makes an order for removal, the party seeking it may accomplish such removal by filing in the federal court a transcript of the proceedings in the state court and complying with the requirements of the statute. Clippinger v.Missouri Valley Life Insurance Co. (C.C. Ohio, 1876), Fed.Cas. 2901. But he does so at his peril. The mere filing of the transcript does not effect a prohibition of proceedings in this court; they may continue until it is judicially informed that its power over the cause has been suspended by operation of law.Eckel v. Shell Products, Inc., supra.
Upon the filing of a transcript in the federal court the *Page 105 
question of removability may be there determined upon a motion to remand. The jurisdiction of that court depends upon compliance or non-compliance with the federal law and not upon the decision of the state court. Title 28, section 1, U.S.C.A. note 373, and cases.
But to justify the removal upon the grounds of a separable controversy and diverse citizenship there must be shown to be a controversy wholly between citizens of different states which can be fully determined as between them, and complete relief afforded as to the separate cause of action without the presence of the resident defendants. In deciding whether such a separable controversy exists, the cause of action alleged in the plaintiff's pleading must be accepted as the only criterion of the decision, and if it is there alleged that the cause of action is joint, and if it appears that some of the defendants are citizens of the same state with the plaintiff, it must be held that the suit is not removable. National Docks Railway Co. v.Pennsylvania Railroad Co., supra; Smathers v. Leith, supra;Holcombe v. Ames, supra.
As above noted, petitioner asserts two grounds for removal. The first is that this is a suit of which the United States district court would have original jurisdiction under section 41 and in which there is a controversy wholly between citizens of different states.
Bearing in mind that for the purpose of this application it is necessary to treat the allegations of the bill of complaint as confessed, this point may be disposed of by noting that the bill alleges, in effect, a conspiracy. It matters not whether the term "conspiracy" is used in the bill; what is important is that the allegations of the bill import a conspiracy. Jonas Glass Co. v.Glass Bottle Blowers Association, 72 N.J. Eq. 653; BaldwinLumber Co. v. Local No. 560, International Brotherhood, 91 N.J. Eq. 240; Lehigh Structural Steel Co. v. Atlantic Smelting andRefining Works, 92 N.J. Eq. 131; Gevas v. Greek RestaurantWorkers' Club, 99 N.J. Eq. 770; Duplex Printing Press Co. v.Deering, 254 U.S. 443. The fact is, however, that paragraph 25 of the bill alleges that "all the acts of the defendants are in pursuance of an illegal conspiracy." *Page 106 
The law is settled that a suit brought against several defendants, some of whom are citizens of the same state with the plaintiff, charging them all as joint contractors or joint trespassers, cannot be removed into the United States court by those who are citizens of another state, although they allege that they are not jointly interested or liable with the other defendants, and that their controversy with the plaintiff is a separate one. Little v. Giles, 118 U.S. 596. "The same rule must necessarily be applied to all wrongdoers who act in concert, whether they are called joint trespassers, tort feasors, disseisors, or by any other name. Where the wrong is joint, the remedy to be complete and effectual, must be joint." NationalDocks Railway Co. v. Pennsylvania Railroad Co., supra (at p.64.)
Petitioner further alleges that he was joined as a defendant with the fraudulent object of preventing him from removing the cause to the federal court. The mere averment that a particular defendant has been joined for the fraudulent purpose of defeating the right of removal which would otherwise exist is not sufficient in law. This principle does not conflict with the rule that allegations of fact arising upon such a petition are triable only in the court to which it is sought to remove the cause.Chicago, Rock Island and Pacific Railway Co. v. Dowell,229 U.S. 102. The rule applicable is stated in note 192, title 28, section 72, U.S.C.A., as follows:
"In a petition for removal attempting to show that a resident defendant has been joined with the petitioning non-resident as a fraudulent device to prevent a removal the showing must consist of a statement of fact rightly engendering that conclusion. Merely to * * * apply the epithet `fraudulent' to the joinder will not suffice, the showing must be such as compels the conclusion that the joinder is without right and made in bad faith, * * *."
The second point relied upon by the petitioner is that this is a suit in which the United States district court would have original jurisdiction under section 41, and arises under the constitution of the United States. In other words, that the suit is one which complainants might have instituted in the federal court on the ground that it arose under the *Page 107 
United States constitution. The right to remove on such ground must appear on the face of the complainant's bill. Great NorthernRailroad Co. v. Galbreath Cattle Co., 271 U.S. 99; NationalDocks Railway Co. v. Pennsylvania Railroad Co., supra;Holcombe v. Ames, supra. Petitioner asserts that paragraphs 28, 29 and 30 of the bill of complaint all contain allegations that the complainant's rights under the fourteenth amendment to the United States constitution have been violated by the defendants and that these allegations make it clear that the right to remove appears upon the face of the bill.
Paragraph 28 of the bill alleges that if the defendants rely upon certain state statutes, and if those statutes are construed so as to justify the actions complained of, then complainants will be deprived of their property, without due process of law, in violation of both federal and state constitutions. Paragraphs 29 and 30 allege that the complainants will be deprived of rights secured by the due process clauses of both constitutions, if defendants are permitted to continue their activities.
In Venner v. New York Central Railroad Co.,293 Fed. Rep. 373; affirmed, Venner v. Michigan Central Railroad Co.,271 U.S. 127, it was considered an essential element to removal that the federal question must appear in plaintiff's statement of his own case, and not by his statement of an anticipated defense.
And in Taylor v. Anderson, 234 U.S. 74, it was said that the question must be determined from what necessarily appears in the plaintiff's statement of his own claim, unaided by anythingalleged in anticipation or avoidance of defenses which it isthought the defendant may interpose. This would seem to dispose of petitioner's argument so far as it rests upon paragraph 28 of the bill.
As to the allegations of paragraph 29 and 30 of the bill, similar allegations appeared in the bill of complaint inLevering Garrigues Co. v. Morrin, 71 Fed. Rep. 2d 284;287 U.S. 590; 289 U.S. 103. In discussing these allegations, the circuit court of appeals said that the claim "of a violation of constitutional rights is so unsubstantial *Page 108 
that no further mention of it is required." And this comment was inferentially approved by the supreme court on certiorari
(289 U.S. 103), when the court said:
"If the bill or the complaint sets forth a substantial claim, a case is presented within the federal jurisdiction, however the court * * * may decide as to the legal sufficiency of the facts alleged to support the claim. But jurisdiction * * * is wanting where the claim set forth in the pleading is plainly unsubstantial. The cases have stated the rule in a variety of ways, but all to that effect. And the federal question averred may be plainly unsubstantial either because obviously without merit, or `because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy."
What has been said clearly demonstrates that this court ought not advise an order of removal. The petitioner may derive such benefit as he is able from the filing of his petition. This court will not consider that it has lost jurisdiction of the cause unless and until there is a determination by the federal court that the cause is removable.