Based upon his petition and bond, filed herein, Louis M. Reed, receiver of New Jersey National Bank and Trust Company of Newark, New Jersey, hereinafter designated as the defunct bank, seeks an order for the removal to the United States District Court for the District of New Jersey of a proceeding heretofore instituted and still pending in this court.
The proceeding thus sought to be removed was instituted by and is founded upon the petition of Forster W. Freeman praying for the allowance of his herein filed account and his discharge as trustee. The trusteeship from which he thus seeks to be relieved came into existence under the following facts and circumstances.
Some time prior to the early part of 1932, the United States District Court for the District of New Jersey duly adjudged Empire Farms, Inc., a New Jersey corporation, insolvent and thereupon appointed receivers for it, who thereafter borrowed, upon their certificates, approximately $20,000 from the now defunct bank. The efforts of these receivers to sell the insolvent corporation's farm located in Great Meadows, Warren County, New Jersey, as well as their efforts in connection with its profitable operation, were entirely unavailing. The result was a lack of funds with which to pay, in whole or in part, the claims of the now defunct bank or those of any of the other parties interested, by reason of allowances or otherwise, in the decree entered by that court on January 25th, 1932. In addition to these outstanding obligations, there were considerable accrued and unpaid taxes which kept steadily mounting with the passing of time.
In an apparent effort to avoid, if possible, the almost certain defeasance of their respective rights and claims by the then impending proceedings for the foreclosure of prior liens, the parties interested in that decree, with the sanction and approval of that court, entered into an agreement pursuant to which each of them assigned his or its said claim to Forster W. Freeman, who, as trustee, was to take title to said farm but which was to be thereafter operated by one Charles S. *Page 137 
Hoff until each of said parties had been paid, out of the net operating profits, twenty-five per cent. of their respective claims; after which Freeman, as trustee, was to convey the farm to Hoff.
Before long, however, Hoff found himself badly in need of funds with which to pay the arrearages of taxes against, repair the buildings upon, purchase necessary equipment for and otherwise rehabilitate, the farm so as to put it in an operating condition. The Federal Land Bank of Springfield, Massachusetts, and the North Jersey Production Credit Company agreed to lend him the required funds upon his bonds to be secured by a first and a second mortgage, respectively, on the said farm and equipment. In order to enable him to obtain these mortgage loans, the now defunct bank and the other parties interested in said trust agreement, in compliance with the requirements of these lending agencies, had to release their respective rights in and under the aforementioned trust agreement, as well as in and to the farm itself, after which Freeman conveyed the farm to Hoff who in turn executed a first and a second mortgage thereon, which he then delivered to the Federal Land Bank of Springfield, Massachusetts, and the North Jersey Production Credit Company, respectively. Thereafter Hoff reconveyed the farm to Freeman, who, however, was to hold the deed in escrow pending the payment by Hoff, out of the net operating profits of the farm, of twenty-five per cent. of the aforementioned claims, notwithstanding the cancellation and release of said trust agreement.
Periodical statements furnished by Hoff to all parties in interest pertaining to his operation of the farm during the period from 1934 to 1942 showed an operating loss instead of a profit. In accordance with the request of these parties, Freeman in January, 1942, recorded the deed which he had theretofore received from Hoff and held in escrow. On the 20th day of January, 1942, following the death of Hoff, Freeman filed his account in this court showing that no profits had been realized from the operation of the farm, that he had come into no moneys out of which any of the parties interested in the trust were entitled to or could be paid, and *Page 138 
praying for the approval of his said account and his discharge as trustee. It is the removal of this proceeding which the receiver on the one hand seeks and the trustee on the other resists.
It is the function and duty of this court to examine the petition and record, and to determine therefrom whether the requirements of the federal statutes regarding removal have been complied with. National Docks and New Jersey Junction ConnectingRailway Co. v. Pennsylvania Railroad Co., 52 N.J. Eq. 58;28 Atl. Rep. 71; affirmed, 52 N.J. Eq. 590; 33 Atl. Rep. 50;Vermeule v. Vermeule, 67 N.J. Law 219; 54 Atl. Rep. 99;Bielecki v. Erie Railroad Co., 101 N.J. Law 17;127 Atl. Rep. 328; Little v. Giles, 118 U.S. 596; 7 S.Ct. 32; 30 L.Ed. 269;Crehore v. The Ohio and Mississippi Railway Co., 131 U.S. 240,244; 33 L.Ed. 144; Pennsylvania Co. v. Bender, 148 U.S. 255,258; 37 L.Ed. 441. This court is not required to let go, and should not surrender, its jurisdiction until a case has been made which, upon its face, shows that the one seeking the removal is entitled thereto as a matter of right. Holcombe v. Ames,87 N.J. Eq. 486; 100 Atl. Rep. 609; Smathers v. Leith, 92 N.J. Eq. 165; 111 Atl. Rep. 406; Crehore v. The Ohio and MississippiRailway Co., supra.
The petition for removal discloses that, upon the insolvency of the now defunct bank, the Comptroller of the Currency, by virtue of the provisions of the National Banking Act, 12 U.S.C.A. §§ 21et seq., appointed a receiver for it. Federal courts are without original jurisdiction over suits by or against national banks merely because of the federal origin of such corporations, which, for jurisdictional purposes, are, by express federal enactments, treated and regarded in the same manner as citizens of the state in which they are located. 28 U.S.C.A. §§ 41 (1 et seq.);Petri v. Commercial National Bank, 142 U.S. 644; 12 S.Ct. 325;35 L.Ed. 114. The receiver, however, asserts, as a basis for removal, the claim that the proceeding here sought to be removed is, within the meaning of the Federal Judicial Code,28 U.S.C.A. § 41 (1-16), one for winding up the affairs of an insolvent national bank, and hence, under the provisions *Page 139 
of 28 U.S.C.A. § 71, removable, as a matter of right, from the state to the federal court.
The appointment of a receiver for an insolvent national bank does not dissolve the corporate existence of the bank, and a suit, which does not seek to establish a lien or preference upon or otherwise reach the receivership assets or to interfere with the receiver's possession thereof, nor to compel any action on his part may, notwithstanding his appointment, be brought against the bank alone; since he is not a necessary party thereto. Bankof Bethel v. Pakquioque Bank, 14 Wall. 383; 20 L.Ed. 840;Denton v. Baker, 79 Fed. Rep. 189.
The proceeding here sought to be removed seeks no relief of the character hereinabove mentioned. All that the trustee seeks is an order approving his account and relieving him of his trust. This, obviously, is not an action or proceeding for the winding up of the affairs of the defunct bank within the meaning of the Federal Judicial Code, 28 U.S.C.A. § 41 (1-16); and hence is not removable from here to the federal court. Moreover, the receiver, who is an unnecessary party, is not joined in this proceeding which is predicated upon the instant trusteeship which came into being prior to his appointment, and by reason of which the proceeding cannot, at his instance, be removed to the federal court. Judicial Code, 28 U.S.C.A. § 41 (1-16); Connolly v.First National Bank of Detroit, 86 Fed. Rep. 2d 683;Neely v. Planters' National Bank, 48 Fed. Rep. 2d 266;Moulton v. National Farmers Bank, 27 Fed. Rep. 2d 403;Speckert v. German National Bank, 98 Fed. Rep. 151; WichitaNational Bank v. Smith, 72 Fed. Rep. 568; error dismissed,18 S.Ct. 946; 42 L.Ed. 1214.
Nor should the fact be overlooked that the proceeding is not brought against the receiver but merely against the defunct bank and others; none of whom, however, seeks or is entitled to a removal thereof. Hence, the receiver's present appearance is, of necessity, not in the capacity of a party but merely as the agent of the defunct bank, which, as heretofore indicated, itself has no independent right of removal. Being without any such right, the defunct bank could not become *Page 140 
invested therewith even if the receiver — who is not a necessary party to said proceeding — had been made a party thereto,Speckert v. German National Bank, supra; Luella HannanMemorial Home v. First National Bank of Detroit, 31 F. Supp. 276,
since it and its receiver are separate and distinct parties with separate and distinct rights regarding federal jurisdiction.
The reasons herein expressed lead to a denial of the application for removal. Order accordingly. *Page 141