Charles Cornman, Joseph L. Cornman and Jacob R. Schiff, defendants in the above entitled cause, petition the court for the removal of the same to the District Court of the United States for the District of New Jersey.
The complainant Harry A. Taylor is the owner and holder of seven shares of the capital stock of the defendant Cornman Construction Co. and is part owner of four shares of the capital stock of the same company as trustee for himself, Frank H. Taylor and the defendant Joseph L. Cornman. Complainant brings this suit in his own behalf and as trustee, *Page 254 
and for the benefit of stockholders who may join therein and contribute to the expense thereof.
The complaint alleges two causes of action. The first is brought by Taylor as a stockholder of the Cornman Construction Co., a corporation. The parties therein named as defendants are the Cornman Construction Co. and the petitioners, Charles Cornman, Joseph L. Cornman, Jacob R. Schiff and 127 Bristol Street Corp., a corporation, and Meadowbrook Village, a corporation. The second cause of action is brought by The Village Green, a corporation, as a stockholder of and for the benefit of, the Commonwealth Building Co. a corporation. Here, the defendants are Commonwealth Building Co. and the petitioner, Joseph L. Cornman.
Harry A. Taylor is a resident of the State of New Jersey. The Village Green is a citizen of the State of New Jersey and a corporation organized under its law. Cornman Construction Co. and Commonwealth Building Co. are citizens of the State of New Jersey, both being organized and existing under our law. Charles Cornman, Joseph L. Cornman and Jacob R. Schiff are citizens and residents of the State of New York. 127 Bristol Street Corp. and Meadowbrook Village are citizens of this state and corporations organized under the law of this state.
This court is not required to let go its jurisdiction until the case is made which, upon its face, shows that the defendants, asking for removal, can remove the suit as a matter of right.Removal Cases, 100 U.S. 457, 474; Crehore v. Ohio and M.Railroad Co., 131 U.S. 240, 244; Pennsylvania Co. v. Bender,148 U.S. 255, 258; In re Freeman, 132 N.J. Eq. 135; 27 Atl. Rep.
2d 201.
On an application to remove a cause, the allegations of the complainant's bill must be considered as confessed, and in deciding whether a separate controversy exists between the complainant and the defendants claiming the right to remove the cause of action alleged, the complainant's bill must be accepted as the only criterion of the decision, and if it is there alleged that the cause of action is joint, and it appears that some of the defendants are citizens of the same state *Page 255 
with the complainant, it must be held that the suit is not removable. National Docks Railway Co. v. Pennsylvania RailroadCo., 52 N.J. Eq. 58; 28 Atl. Rep. 71; affirmed, 52 N.J. Eq. 590;33 Atl. Rep. 50; Liebesman v. Ackerson, 112 N.J. Law 31;169 Atl. Rep. 699; Shapiro v. Christian Bahnsen, Inc., 117 N.J. Eq. 105; 175 Atl. Rep. 145.
The complainant alleges that on September 14th, 1938, Cornman Construction Co. lent to 127 Bristol Street Corp. $8,400 on its demand note endorsed by Charles Cornman and Joseph L. Cornman, who were then and still are directors of Cornman Construction Co., the former its president and the latter its vice-president; that these defendants dominate and control the board of directors, the remaining directors being Edith H. Blake and Elizabeth Carson, who are alleged to be nominees or dummies of the Cornmans; that no meetings of the stockholders of the corporation have been held since the first meeting on June 22d 1938, and that no meeting of the directors has been held since September 5th, 1939; that Charles Cornman and Joseph L. Cornman and members of their families were and are the controlling officers of 127 Bristol Street Corp. and that at the time Cornman Construction Co. loaned to 127 Bristol Street Corp. $8,400, the latter corporation owned a large apartment building at 1 DeWitt Road, Elizabeth, New Jersey, and 100 shares of the capital stock of Meadowbrook Village. On November 28th, 1939, it sold the DeWitt Road apartment building and was then in sufficient funds to pay what it owed Cornman Construction Co. but instead of so doing and paying corporate debts Charles Cornman and Joseph L. Cornman in violation of their fiduciary obligations to both corporations, fraudulently appropriated the funds of 127 Bristol Street Corp. and further assigned to Joseph L. Cornman the 100 shares of stock of Meadowbrook Village belonging to 127 Bristol Street Corp. without consideration and for the fraudulent purpose of disposing of all of the assets of 127 Bristol Street Corp. in fraud of the creditors of Cornman Construction Co.; that on September 18th, 1941, Joseph L. Cornman assigned the certificate for 100 shares of the stock of Meadowbrook Village to Jacob R. Schiff to secure a loan made by Schiff to Cornman *Page 256 
for his own personal use and benefit and that Schiff had knowledge of the fact that the assignment of the shares of stock to Meadowbrook Village from 127 Bristol Street Corp. to Joseph L. Cornman was made without consideration.
The bill charges that because the matters complained of affect the personal interests of the defendants Charles Cornman and Joseph L. Corman and because of their domination and control of the Cornman Construction Co. and 127 Bristol Street Corp. it would be futile to make demand upon them to cause appropriate legal proceedings to be instituted in the names of said corporations against themselves for an accounting of their acts as such officers and directors as in the bill set forth.
The second cause of action is substantially similar to the first but relates to The Village Green and Commonwealth Building Co., part of whose stock is owned by The Village Green. The other officers and directors of Commonwealth Building Co. are alleged to be nominees or dummies. No meetings of stockholders have been held since the first meeting in March, 1939, and no directors' meetings have been held since March 31st, 1939. Here it is alleged that Joseph L. Cornman in violation of his fiduciary obligations and without corporate authority used the funds of Commonwealth Building Co. to pay for personal obligations; purchased an automobile for his personal use and fraudulently appropriated to his own use funds of the company amounting to $1,355. The suit here is brought by The Village Green, equitable owner of ten shares of stock of Commonwealth Building Co.
The prayers are (1) for discovery and inspection of the books, records and accounts of Charles Cornman, Joseph L. Cornman, Jacob R. Schiff, 127 Bristol Street Corp. and Commonwealth Building Co.; (2) that the individual defendants make true and full discovery concerning the matters alleged in the bill; (3) that Charles Cornman and Joseph L. Cornman make discovery and disclosure of the assets of 127 Bristol Street Corp. and Commonwealth Building Co. and where located and invested and by whom held and possessed; (4) that the 100 shares of stock of Meadowbrook Village be impressed with a trust for the benefit of 127 Bristol *Page 257 
Street Corp. and said shares of stock decreed to be held for the benefit of 127 Bristol Street Corp. and transferred to a receiver to be appointed; (5) that an account be taken of the amount due Cornman Construction Co. from 127 Bristol Street Corp., Charles Cornman and Joseph L. Cornman; (6) that an account be taken of the amount due Commonwealth Building Co. from Joseph L. Cornman; (7) that 127 Bristol Street Corp., Charles Cornman and Joseph L. Cornman be decreed to pay to Cornman Construction Co. the amount so found due; (8) that Joseph L. Cornman be decreed to pay Commonwealth Building Co. the amount found due; (9) that a receiver be appointed pendente lite for the defendant, 127 Bristol Street Corp. of all property belonging to or held in trust for 127 Bristol Street Corp. by any other person; (10) that a receiver be appointed pendente lite for the defendant Commonwealth Building Co. of all property belonging to or due to or held in trust for Commonwealth Building Co. by any other person; (11) that a writ of sequestration issue against the property, moneys and effects of Charles Cornman and Joseph L. Cornman within this state and against the right, title and interest of Jacob R. Schiff in said 100 shares of Meadowbrook Village; (12) that Meadowbrook Village, its officers and directors be restrained from transferring the said 100 shares of stock of Meadowbrook Village to Jacob R. Schiff or to any other person, and from surrendering the original stock certificate for said 100 shares of stock or any new certificate which may have been issued for said stock to Jacob R. Schiff or any other person; (13) that an order be made directing the defendant Meadowbrook Village to deliver to the receiver of 127 Bristol Street Corp. said certificate for 100 shares of stock of Meadowbrook Village together with the assignments thereof to Joseph L. Cornman and from said Cornman to Jacob R. Schiff; (14) that the transfer by the defendant 127 Bristol Street Corp to the defendant Joseph L. Cornman of said 100 shares of stock of the defendant Meadowbrook Village, and the transfer of the said stock by Joseph L. Cornman to Jacob R. Schiff be set aside and held fraudulent and to have been made without corporate authority and without consideration. *Page 258 
In a stockholder's suit in a state court against a corporation and others where the allegations of the bill show that the corporation is under the control of its co-defendants, such corporation is properly aligned with them for the purposes of the removal statute, and where it is a citizen of the same state as the complainant, the cause is not removable Crawford v.Seattle RS Railway Co., 198 Fed. Rep. 920.
The petitioners base their application on three grounds: viz. (1) the Cornman Construction Co. is not a true party defendant; (2) no cause of action was exhibited aaginst the other corporate defendants; and (3) the complaints against the individual defendants are separable from those against the corporate defendants.
Although the rule has been laid down in many cases that in a derivative stockholder's suit the corporate defendant should be treated as a true party complainant, this rule has not been applied in the determination of diversity of citizenship. The principle has been well litigated in the federal courts and one of the leading cases on the subject is Groel v. UnitedElectric Co., 132 Fed. Rep. 252. In that case a bill was filed in the Court of Chancery of New Jersey by a New Jersey citizen as a stockholder in the United Electric Co., a New Jersey corporation. The complainant joined the United Electric Co. and the United Gas Improvement Company, a Pennsylvania corporation, as party defendants. The gravamen of the suit was the recovery on behalf of the complainant and other stockholders of the New Jersey corporation of certain secret profits alleged to have been received by the Pennsylvania company in the promotion and organization of the New Jersey company. The bill was a derivative one, charging refusal on the part of the New Jersey company to seek the relief itself. The Pennsylvania company obtained a removal of the cause to the federal court on a petition alleging diversity of citizenship. An application was thereupon made in the federal court by the complainant seeking to remand the case to the New Jersey Court of Chancery. The Pennsylvania company resisted the application, insisting that no relief being sought against the New Jersey company, the latter company was not a factor to be considered in determining *Page 259 
the question of jurisdiction, and further insisting that the New Jersey company must be aligned with the complainant because its interests were identical with those of the complainant. The court's determination with respect to this contention follows (atp. 254): "The New Jersey company, in the case now under consideration, cannot be considered a merely formal or nominal party. It is a necessary and indispensable party. The case could not proceed without it. The complainant seeks relief in its behalf because it will not seek it for itself. As it will not voluntarily act as complainant, the practice in equity requires that it shall be brought in as a party defendant. It follows that, in determining the question of jurisdiction, its citizenship cannot be ignored. But the mere fact that it stands as a defendant on the face of the pleadings does not fix its status in the controversy. That is fixed by its real relation to the controversy. Whether that relation requires it to be ranged with the complainant or with the Pennsylvania company as a party defendant, is the question presented in this case."
After a thorough review of the authorities, the federal court remanded the case to the New Jersey Court of Chancery and propounded the following rule (at p. 263): "The rule deduced from them is that, in a suit in equity instituted by a stockholder in his own name, but upon a right of action existing in his corporation, the stockholder's corporation will be aligned with the defendants whenever the officers or persons controlling the corporation are shown to be opposed to the object sought by the complaining stockholder, and that, when such opposition does not appear, the stockholder's corporation will be aligned with the complainant in the suit."
Of similar holding are the following: Doctor v. Harrington,196 U.S. 579; Central Railroad of New Jersey v. Mills,113 U.S. 249; East Tennessee Railroad v. Grayson, 119 U.S. 240; Kelly
v. Mississippi River Coaling Co., 175 Fed. Rep. 482; Howard v.National Tel. Co., 182 Fed. Rep. 215; Crawford v. Seattle RSRailway Co. et al., supra; Hyams v. Calumet Co.,221 Fed. Rep. 529; Richardson v. Blue Grass Mining Co., 29 F. Supp. 658.
The petitioners' argument that the defendants 127 Bristol *Page 260 
Street Corp. and Meadowbrook Village, both New Jersey corporations, be eliminated for the purpose of this application, is not well founded. Relief against both corporations is sought in the prayers and no plenary decree can be made in the cause unless both corporations are parties. Both of these corporations are citizens of the State of New Jersey and that being so, the petitioners' application does not come within the federal mandate that all parties on one side of the controversy must be citizens of different states from all parties on the other side.Strawbridge v. Curtiss, 3 Cranch 267; 2 L.Ed. 435.
The contention by the petitioners that the controversies are separable is not tenable. The test of separability was adequately defined by Vice-Chancellor Berry in the case of McCarter v.American Newspaper Guild, 118 N.J. Eq. 102: 177 Atl. Rep. 835,
where the Vice-Chancellor stated (at p. 105): "But to justify the removal upon the grounds of a separable controversy and diverse citizenship there must be shown to be a controversy wholly between citizens of different states which can be fully determined as between them, and complete relief afforded as to the separate cause of action without the presence of the resident defendants." It is evident from the bill of complaint that complete relief in both causes of action cannot be granted without the presence of all or most of the resident defendants.
The petitioners' prayer for removal of the cause will be denied. *Page 261