The defendant is the sole defendant in above entitled cause. It has presented its verified petition for removal of the cause to the District Court of the United States for the District of New Jersey, in which petition it sets forth that at the time of institution of this suit it was and still is a corporation *Page 131 
existing under the laws of Pennsylvania and a resident and citizen of that state; that the suit is of a civil nature and that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000; that complainant at the time of commencement of the suit was and still is a resident and citizen of New Jersey. With its petition the defendant tendered a bond in the statutory form and prayed its acceptance and removal of the cause and termination of proceedings in this court.
Diversity of citizenship between the parties is not questioned and complainant resists the application for removal on the sole ground that it does not appear by her bill of complaint that the matter in controversy exceeds $3,000 in amount or value. The basis of such contention is that the bill of complaint alleges no sum as an amount involved in complainant's cause of action and that in passing upon the application for removal this court must be governed entirely by that fact.
The record before the court consists only of complainant's bill and defendant's petition. It is the duty of the court to examine both and to determine therefrom whether the statutory requirements appear and whether the cause is removable.McCarter v. American Newspaper Guild, 118 N.J. Eq. 102;Woulfe v. Atlantic City Steel Pier Co., 129 N.J. Eq. 510;Liebesman v. Ackerson, 112 N.J. Law 31.
The cause of action as set out in the bill is that defendant is a common carrier subject to the provisions of the Railway Labor Act, 45 U.S.C.A., §§ 151 et seq.; that in August, 1919, complainant, then a widow, was employed by defendant as a telephone operator at its office in Jersey City and in 1926 became defendant's chief operator and so continued until February 15th, 1939, when she was discharged because she was a married woman, she having remarried in 1928; that complainant had procured "seniority rights" by reason of her long employment by defendant; that her efforts to obtain employment by defendant and to be reinstated to her seniority rights have been refused illegally; that her seniority rights are of considerable value and she has been deprived of employment, lost earnings and has also been deprived of pension *Page 132 
rights. She prays an order reinstating her to her former position, restoring her seniority, pension and all other rights and that an account be taken of the amount of her financial losses and defendant be decreed to pay her the amount so found due and that defendant be ordered to make discovery of the wages lost by her by reason of her seniority rights having been subordinated or destroyed. Thus it would appear that beside restoration to seniority and pension rights which the bill states are of considerable value, complainant seeks to recover for loss of wages for a period from February 13th, 1939, to the present time, the total of which would certainly amount to more than $3,000 with interest and costs. If, as complainant contends, the failure of her bill of complaint to allege any sum of money which she claims to be entitled to recover by reason of what she charges to be defendant's unlawful acts, then she can deprive defendant of its constitutional right to choose a federal court forum in which to litigate the controversy between them, which defendant says actually involves a sum in excess of $3,000, by the device of merely omitting to aver a jurisdictional amount.
But I am of the opinion that where the bill does not disclose in definite figures the sum or value involved in complainant's cause of action, the omission may be supplied and the fact may be established by stating in the petition for removal that the amount or value is actually within the federal court's jurisdiction. It is so held in proceedings to remand cases removed from a state court to a federal court. Lever Bros. Co.
v. J. Eavenson Sons, Inc., 7 F. Supp. 679; Thorkelson v.Aetna Life Insurance Co., 9 F. Supp. 570; Crockett v.Overfield, 22 F. Supp. 915.
Complainant filed no answer to the petition for removal and has not attempted to traverse any allegation therein. In this state it has been held that the petition performs the office of a pleading and becomes part of the record and that the right of removal depends on the cause described by the pleadings, with the court's function to determine as a matter of law from the factual situation thus disclosed whether or not the jurisdictional requirements exist. George Weston, Ltd., v. New York CentralRailroad Co., 115 N.J. Law 564. *Page 133 
I know of no practice in the courts of this state whereby when the jurisdictional amount involved is disputed, the fact can be determined. The determination of such fact is the function of the federal court in proceedings to remand after removal. GeorgeWeston, Ltd., v. New York Central Railroad Co., supra; Goodman
v. Grace Iron and Steel Corp., 125 N.J. Law 28. The cause of action being removed to the federal court, as I think it should be on defendant's petition, the complainant may there deny the allegation in defendant's petition that the amount involved exceeds $3,000, and the burden of proof will be on defendant, which if not sustained will result in remanding the cause to this court. *Page 134